In re UNIVERSAL DISPLAY & SIGN CO., Bankrupt.

John BILLMEYER, Trustee,

v.

DEL MAR NEWS AGENCY et al., Appellants.

No. 75–1819.

United States Court of Appeals, Third Circuit.

Argued June 7, 1976.

Decided Aug. 23, 1976.

E. Leigh Hunt, Abramo, Hunt & Abramo, Wilmington, Del., for appellants.

Abraham Hoffman, Hoffman & Hoffman, Wilmington, Del., Joseph S. Yucht, Balick & Yucht, Wilmington, Del., for appellee.

## OPINION OF THE COURT

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

GIBBONS, Circuit Judge.

This is an appeal from an order denying appellant's motion for relief from a void judgment.[1] The judgment at issue was rendered by the Bankruptcy Court for the Northern District of California on a complaint for an accounting by John Billmeyer, trustee in bankruptcy for Universal Display & Sign Company, a California corporation. The trustee had sought recovery of the bankrupt's alleged interest in the funds of Universal Delmar Merchandise Sales Company, a joint venture Delaware corporation formed by the bankrupt and Del Mar News Agency, Inc. The funds representing this alleged interest were held by a Delaware law firm which refused to pay them over to the trustee. Service of process was made on each of the Delaware defendants[2] by mail pursuant to Bankruptcy Rule 704(c), (f). In response to this process the Delaware defendants, contending that none of them were amenable to service of process in the State of California, moved to dismiss the complaint for lack of jurisdiction over the person.[3] The motion and supporting affidavits were designated as a "special appearance" solely for the purpose of objecting to any assertion of jurisdiction over them.[4] The bankruptcy court denied this motion, and when the Delaware defendants did not appear and plead further, entered a default judgment against them. Timely notice of the entry of the default judgment was given to the defendants, but they took no appeal to the district court. Subsequently, the trustee in bankruptcy transferred the judgment to the District of Delaware.[5] The defendants then filed their Rule 60(b)(4) motion for relief of what they contend is a void judgment.[6]

█ The defendants maintain that the default judgment is void because the bank-

1. Rule 60(b)(4), Fed.R.Civ.P.

2. Del Mar News Agency, Universal Delmar Merchandise Sales Company, and the members of the Delaware law firm.

3. Rule 12(b)(2), Fed.R.Civ.P.; Bankruptcy Rule 712(b).

4. App. at 18–23.

5. 28 U.S.C. § 1963.

6. The trustee in bankruptcy raises no objection to the power of the transferee court to entertain a Rule 60(b)(4) motion. *See* 7 J. Moore, Federal Practice ¶ 60.25[2], at 296–311 (2d ed. 1975).

ruptcy court in California lacked jurisdiction over their persons as well as the subject matter of the suit. They also argue that the bankruptcy court should not have proceeded in a summary manner. This latter contention is directly related to their subject matter jurisdiction objection. Central to their position is the argument that the so-called "ambush" provisions of § 2(a)(7)[7] of the Bankruptcy Act, 11 U.S.C. § 11(a)(7), and of Rule 915(a)[8] of the Bankruptcy Rules, which provide that objections to bankruptcy court jurisdiction not timely made in accordance with these Rules are deemed to have been waived, violate due process. Because there was an opportunity to adjudicate all jurisdictional objections in the California case, in which the defendants appeared, we conclude that the judgment may not now be collaterally attacked. Accordingly, we affirm the order of the Delaware district court.[9]

The defendants do not contend that Congress lacked the power to confer jurisdiction on some federal court to hear the trustee's suit for an accounting of the bankrupt's interest.[10] Nor do they object specifically to Congressional authorization of extraterritorial service of process in Bankruptcy Rule 704(c), (f). Their main argument is that the principles announced in cases such as *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which place due process limitations upon the adjudicatory power of state forums having only a remote, if any, connection with the transactions giving rise to the controversy, apply with equal force to federal forums, and that mere convenience to a trustee in bankruptcy is not a sufficient reason for dragooning them to California to litigate a claim more properly litigable in Delaware.[11] Defendants also claim that as adverse claimants to the fund in issue, they were entitled to a plenary rather than a summary adjudication.

▪ We turn first to defendants' objection to California in personam jurisdiction. It is clear that a defendant who, after making a special appearance and losing, permits a default judgment to be entered against him, cannot later attack that judgment as void. The default judgment is valid for all purposes because the jurisdictional facts are res judicata.[12] The bankruptcy court may have erred in its denial of defendants' motion to dismiss for lack of in personam jurisdiction, but any error was correctable only by the Ninth Circuit.

▪ Defendants' objection to subject matter or summary jurisdiction is based on the provisions of § 2 and § 23 of the Bankruptcy Act, 11 U.S.C. §§ 11, 46. Section 2(a) confers on all bankruptcy courts

> such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in proceedings under this Act . . . to . . . (7) cause the estates of bankrupts to be collected . .

**7.** 11 U.S.C. § 11(a)(7) provides in pertinent part:

. . . and where in a controversy arising in a proceeding under this Act an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction.

**8.** Rule 915 states:

(a) *Waiver of Objection to Jurisdiction.*
Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served.

**9.** Appellees moved before this court to dismiss the appeal on the ground that it "is unquestionably without merit." We disagree. In view of the arguable legal question presented on appeal we will deny appellee's motion.

**10.** *See Williams v. Austrian,* 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947).

**11.** A parallel lawsuit against the bankrupt was pending in a Delaware state court.

**12.** *E. g., Davis v. Davis,* 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26 (1938); *American Sur. Co. v. Baldwin,* 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932); *Baldwin v. Iowa State Travelling Men's Ass'n,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

and determine controversies in relation thereto, except as herein otherwise provided . . ..

It is otherwise provided in § 23:

    (a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

    (b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title.

Defendants are adverse claimants of funds not in the actual or constructive possession of the trustee. They contend, and we think properly so, that they fall within the ambit of § 23(b).

■ The § 23(b) objection raised by defendants has two aspects: one dealing with the jurisdiction of the forum over the dispute and the other one contesting the mode of trial. The defendants maintain that because the bankrupt could not have sued them in the Northern District of California the trustee may not do so without their consent. Among the papers furnished to the Delaware district court in support of the Rule 60(b)(4) motion is a copy of the complaint of defendant Universal Delmar Merchandise Sales Co., Inc. in the Superior Court of Delaware against the bankrupt corporation. This complaint discloses that the bankrupt corporation was incorporated in and had its principal place of business in California. Thus there is complete diversity between the bankrupt and all the Delaware defendants in the Northern District of California.[13] Since the California court would have had subject matter jurisdiction in a suit by the bankrupt, it has subject matter jurisdiction in a suit by the trustee regardless of the defendants' consent.[14] The objection to the Northern California jurisdiction, then, is that by the *International Shoe* test of due process, despite the existence of subject matter jurisdiction, a diversity court in that district could not entertain this suit. However, that is the identical issue which was tendered to the bankruptcy court in California, and which, as we pointed out above, became res judicata.

■ Turning next to the objection to the mode of trial—summary or plenary—we find that this claim really does not go to the power of the court to render a judgment. The principal difference between the bankruptcy court's summary and plenary procedures is the availability of jury trial.[15] We doubt that an error in proceeding summarily rather than with a jury is the kind of error that can be raised in a Rule 60(b)(4) motion since the resulting judgment, though erroneous, can hardly be said to be void. That question, however, need not be resolved, since it is clear that the opportunity to claim a plenary trial was afforded in the California case and was waived. Section 2(a)(7) of the Bankruptcy Act, 11 U.S.C. § 11(a)(7), was amended in 1952 to provide:

    . . . and where in a controversy arising in a proceeding under this Act an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the

---

13. 28 U.S.C. § 1332(c).

14. The Delaware defendants make no jurisdictional amount objection. Collateral attack on the judgment based on a defective allegation of jurisdictional amount would in any event be barred by *McCormick v. Sullivant,* 23 U.S. (10 Wheat.) 192, 6 L.Ed. 300 (1825).

15. *See generally* Copenhaver, Summary Jurisdiction, 41 Ref.J. 108 (1967); 2 Collier on Bankruptcy ¶ 23.02, at 440–41 (J. Moore ed. 1975).

filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction.

This amendment was adopted by Congress to modify the rule of *Cline v. Kaplan,* 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944), by requiring a prompt and formal objection to summary adjudications by the bankruptcy court, similar to the provisions in Rules 12(h) and 38(d) of the Federal Rules of Civil Procedure.[16] It is clear that the only objection made in the Northern District of California was to the exercise of in personam jurisdiction, not to the mode of trial. Thus the objection to the mode of trial was not timely made, and cannot afford the basis for a Rule 60(b)(4) attack on the judgment. Moreover, even if for the sake of argument we were to regard the objection to the mode of trial as "jurisdictional" in the same sense as that term is used with respect to subject matter or in personam jurisdiction, the opportunity to litigate the issue in the bankruptcy court existed, and collateral attack on the judgment would be barred under the rule of *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

In summary, the Delaware District Court correctly determined that the default judgment was not void. This was the only ground for relief from the judgment which was presented to that court. Thus we have no occasion to consider whether or not either court could entertain a motion under Rule 60(b)(1) or (6), Fed.R.Civ.P., because of the evident confusion on the part of the Delaware defendants as to the effect of the California ruling on its personal jurisdiction objection. The judgment appealed from will be affirmed.

---

**16.** *See* H.R.Rep.No.2320, 82d Cong. 2d Sess. (1952); 2 Collier on Bankruptcy ¶ 23.08[4], at 545.