### INDIAN HEAD NATIONAL BANK OF NASHUA, Plaintiff, Appellee,

v.

### Richard BRUNELLE, U.S. Marshal for the District of New Hampshire, and Conproco Corporation, Defendants, Appellees,

### IPA Systems, Inc., Defendant, Appellant.

### No. 82–1098.

United States Court of Appeals, First Circuit.

Argued June 11, 1982.

Decided Sept. 9, 1982.

---

**246**

Thomas D. Rath, with whom Orr & Reno, P.A., Concord, N.H., was on brief, for defendant, appellant.

John W. Mitchell, with whom Sulloway, Hollis & Soden, Concord, N.H., was on brief, for plaintiff, appellee.

Before CAMPBELL and BREYER, Circuit Judges, and ROSENN,* Senior Circuit Judge.

---

*Of the Third Circuit, sitting by designation.

1. The district court entered an order certifying under 28 U.S.C. § 1292(b) that an immediate appeal from its interlocutory order might materially advance the ultimate termination of the litigation and that as far as it could determine "this precise issue has never been determined by the First Circuit Court of Appeals." This court by order of January 29, 1982, allowed the appeal.

ROSENN, Circuit Judge.

This appeal raises an important question of judicial administration. Where a federal court, having personal jurisdiction of the parties, entered a default judgment, never appealed, which was then registered in another federal jurisdiction for enforcement purposes, should the registration court have deferred to the court of rendition on an application for relief from the judgment under Fed. R. Civ. P. 60(b)? Although it acknowledged that usually the court of rendition is the preferable forum to determine whether relief should be granted, the United States District Court for the District of New Hampshire, the registration court in these proceedings, held that because there was currently litigation in that court between the parties on related issues, it was a convenient forum to entertain the motion for relief and, in the exercise of its discretion, it granted relief and took "full jurisdiction" of the underlying action.[1] We reverse.

## I.

Conproco Corporation (Conproco), incorporated in Delaware with its principal place of business in New Hampshire, had for several years served as a major distributor of IPA Systems, Inc. (IPA), a Pennsylvania corporation. On March 23, 1981, IPA brought a diversity action against Conproco in the United States District Court for the Eastern District of Pennsylvania to recover $67,919.78 for goods sold to Conproco between October 1980 and March 1981. On April 7, 1981, Conproco's Boston counsel telephoned Philadelphia attorney Ronald Sklar and engaged him to represent·Conproco in this action. The next day Sklar obtained a ten-day extension from IPA's counsel and, according to Sklar's deposition testimony, he made a number of unsuccessful attempts by

letter and telephone in the remaining weeks of April to obtain documents and information from Conproco's Boston counsel which he considered necessary for an appropriate response. Sklar testified that he prepared a stipulation for a further extension of thirty days which counsel for IPA would not accept.

On May 1, 1981, Sklar entered his appearance in behalf of Conproco and filed a motion for change of venue, supported by a memorandum of law, alleging that the Eastern District of Pennsylvania was not a convenient forum because defendants' necessary witnesses resided in New Hampshire. On May 5 the clerk entered default against Conproco for failure to answer and on the next day Sklar wrote the court, requesting a conference. Sklar conferred with the judge on May 8 on the motion for change of venue and the default judgment, and testified that when the judge asked him if he were prepared to file an answer, he replied that he could not because he did not have sufficient information. Immediately after the conference, Sklar wrote to Conproco's Boston counsel again complaining and warning that the judge might soon rule on the motion for default judgment. Sklar testified that on May 13 Boston counsel finally sent him a draft answer which Sklar maintained was insufficient for filing. On May 19, IPA filed its motion for judgment on the default.

On May 27 the court denied Conproco's forum non conveniens motion and on May 29 entered judgment on the default in the amount of $67,919.78, with interest and costs. During the course of these developments, Conproco's Boston counsel had been in direct communication with IPA's counsel and learned of these events before receiving Sklar's report of them. Conproco's Boston counsel wrote to Sklar insisting that steps be taken immediately to prevent execution of the judgment before any hearing on the merits.

On June 11, 1981, Sklar timely filed a motion to reconsider with the Pennsylvania district court which was denied without hearing on July 6. The motion for reconsideration alleged, inter alia, that defendant had a good defense to plaintiff's claim, that monies were due and owing to defendant from plaintiff, and attached a copy of a proposed answer and counterclaim. The motion requested opening of the default judgment and permission to enter into a defense of plaintiff's claim. By letter of July 10, Boston counsel informed Sklar that they had been advised by IPA's counsel that the judge had refused to vacate the default judgment. This letter repeated that it was essential that the judgment not be executed without an opportunity for Conproco to litigate the merits and asked that Boston counsel be advised immediately of steps Sklar intended to take "to ensure that an execution not issue."

On July 21, 1981, IPA registered the judgment with the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1963 (1976) and attempted to attach Conproco's account at the Indian Head National Bank of Nashua. On August 17, 1981, the Bank filed an interpleader action in the New Hampshire district court naming Conproco and IPA as defendants, paid the money into court, and requested the court to rule on the proper distribution of the funds.

During the pendency of the interpleader action, Conproco moved the New Hampshire district court for relief from the default judgment pursuant to Fed. R. Civ. P. 60(b)(6). The motion averred that although Conproco attempted to defend the action in Pennsylvania and had entered an appearance, an answer was never filed and it "[was] without explanation as to why the default judgment was entered and no appeal filed"; that no hearing on the merits had ever been held and that new counsel "[was] being retained in Philadelphia to have the case reopened." The motion concluded with an assertion that "it would be a gross injustice to enforce a judgment obtained against Conproco in a distant state through the negligence of its counsel there." Several weeks later Conproco amended its prayer for relief to request relief under 60(b)(1) as well as 60(b)(6),

averring that the default judgment was due to inadvertence and neglect.[2]

After a hearing[3] the New Hampshire court found that Conproco had a valid defense and that the default judgment was not the fault of Conproco or its Massachusetts counsel. The court further found that it was a convenient forum for the determination of the merits of the dispute which resulted in the judgment of the Eastern District of Pennsylvania because there was other litigation in the District Court for the District of New Hampshire between the parties.[4] The court, therefore, granted Conproco Rule 60(b) relief and took jurisdiction of the underlying action.

## II.

The question presented by this appeal is whether the registration court[5] properly exercised its authority in granting Rule 60(b) relief and taking jurisdiction of the underlying action.

Rule 60(b) sets out various grounds on which relief from judgment may be obtained by motion. Although the Rule by its terms does not limit motion practice to the court which rendered the judgment,[6] 60(b) motions have generally been brought in the rendering court. *Fuhrman v. Livaditis,* 611 F.2d 203, 204 (7th Cir. 1979). And there are indications that the drafters of the Rule intended to restrict motion practice under 60(b) to the court which rendered judgment. As Professor Moore notes, Rule 60(b) motion practice was a substitute for the writs and bills of review which the Rule expressly abolishes. "These remedies were commonly termed ancillary for they were available only in the court which had rendered judgment and, in a real sense, were but a continuation of the litigation which had terminated in the final judgment at law or decree in equity." 6A J. Moore, *Moore's Federal Practice* ¶ 60.04[1] at 4043 (2d ed. 1982). The advisory committee notes to the 1946 amendment reflect an understanding that Rule 60(b) motion practice would be made in the court rendering judgment.

> Two types of procedure to obtain relief from judgments are specified in the rules as it is proposed to amend them. One procedure is by motion in the court and in the action in which the judgment was rendered. The other procedure is by a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment.

Fed. R. Civ. P. 60 advisory committee note.

As the advisory committee comment indicates, the Rule expressly preserves independent equitable actions,[7] which had been

**2.** Subsection (1) allows a court to grant relief on grounds of "mistake, inadvertence, surprise, or excusable neglect" and subsection (6) for "any other reason justifying Relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

**3.** Three witnesses testified at the hearing: Gary Greenberg, Conproco's Boston counsel, Stephen Day, a Conproco executive, and a deputy sheriff of Merrimack County, New Hampshire.

**4.** In its motion in the district court for reconsideration of the order granting relief, IPA, the judgment creditor, asserted that the pending litigation to which the district court adverted was instituted by Conproco Partnership (Richard C. Haskell, Stephen L. Day, and Christopher Brown, partners) and "IPA had no choice but to appear and contest the action, as it had no jurisdictional defenses.... The issues raised in that litigation are separate and distinct" from the action on which the judgment in this case was grounded. Conproco Partner-

ship is not the same entity as Conproco Corporation, the defendant in the underlying action.

**5.** Under 28 U.S.C. § 1963 a certified copy of a judgment entered by a United States district court which has become final by appeal or expiration of time for appeal may be filed in any other district court. The statute provides that upon registration the judgment has the same effect as a judgment entered by the district court of the district in which it is registered.

**6.** The Rule states only that "[o]n motion and upon such terms as are just, *the court* may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons." Fed. R. Civ. P. 60(b) (emphasis added).

**7.** The Rule states:

This rule does not limit the power of a court to entertain an independent action to relieve

available in both the rendering court and in other federal courts prior to the Rule's enactment. The comment reflects an understanding, however, that the simpler procedure for obtaining relief under the Rule would continue to be available only in the rendering court where the motion was considered "a continuation of the litigation." Rule 60(b) motion practice, then, contemplates an exercise of supervisory power by the rendering court over the judgment it issued.

> When a court grants relief from a judgment or decree by a new trial or rehearing, or by one of the ancillary common law or equitable remedies or their modern substitute, a motion, it is exercising a *supervisory power* of that court over its judgment; but the original bill, or independent action, to impeach for fraud, accident, mistake, or other equitable ground is founded upon an *independent and substantive equitable jurisdiction.*

*Bankers Mortgage Co. v. United States,* 423 F.2d 73, 78–79 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (quoting 7 J. Moore, *Moore's Federal Practice* ¶ 60.36 at 602 (2d ed. 1982)) (emphasis supplied by *Bankers Mortgage* court). Recognition that Rule 60(b) motion practice was intended for the rendering court has led some courts to hold that 60(b) motions can only be brought in the court that entered the judgment. *Bankers Mortgage Co. v. United States, supra,* 423 F.2d at 78; *Taft v. Donellan Jerome, Inc.,* 407 F.2d 807, 809 (7th Cir. 1969).

Courts of registration presented with Rule 60(b) motions have themselves shown a marked reluctance to entertain them, generally deferring to the rendering courts.

These courts have identified several policies which support such deference, the most important of which is the reluctance of any federal court to interfere with the judgment of a court of coordinate level. In *Fuhrman v. Livaditis, supra,* the Seventh Circuit surveyed a number of cases in which courts of registration declined to rule on 60(b) motions. The court summarized the reasoning of these courts:

> (1) comity among the federal district courts is furthered if the registering court refers the question of relief from judgment to the court which ordinarily entered the judgment; (2) efficient judicial administration is furthered if the registering court defers to the original court, which is likely to be more familiar with the issues raised by the motion for relief from judgment.

*Fuhrman v. Livaditis, supra,* 611 F.2d at 205 (citing *United States v. Fluor Corp.,* 436 F.2d 383 (2d Cir. 1970) and *Coleman v. Patterson,* 57 F.R.D. 146 (S.D.N.Y. 1972)). A further consideration, mentioned in *Coleman,* is that the purpose of the registration statute of simplifying collection of judgments is furthered if the court of registration defers to the rendering court. *Id.* at 149 (contesting aspects of the judgment in each district court in which it is registered would hamper collection and impose an unfair burden on the plaintiff who had obtained a valid judgment).

In two classes of cases, however, courts have been willing to afford relief to parties who have brought Rule 60(b) motions in courts of registration. The first results from the parallel between many of the grounds for 60(b) relief and those which support independent equitable actions.[8]

---

a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court.
Fed. R. Civ. P. 60(b).

**8.** An allegation that a judgment is void, *see Atchison, Topeka & Santa Fe Railway v. Wells,* 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928 (1924), or that it should not be enforced because of fraud, accident or mistake, *see Bankers Mortgage Co. v. United States,* 423 F.2d 73, 79 (5th

Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (*quoting National Surety Co. v. State Bank,* 120 F. 593, 599 (8th Cir. 1903)), may lead a court to exercise its equitable jurisdiction. *See generally* 7 J. Moore, Moore's Federal Practice ¶ 60.37 (2d ed. 1982).

Subsection (4) of Rule 60(b) permits relief on the ground that the judgment is void; subsection (3) for "fraud ..., misrepresentation, or other misconduct of an adverse party"; and subsection (1) for "mistake, inadvertence, sur-

Because of this overlap, courts other than the rendering court have in some instances considered the requests of parties who proceeded by Rule 60(b) motions by treating the motions as independent equitable actions. *See Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087, 1090 (10th Cir. 1970) (reporting that the court of registration, the district court, treated a Rule 60(b) motion for relief from a default judgment alleging that the judgment was void as an independent action); *Bankers Mortgage Co. v. United States, supra,* 423 F.2d at 77–79 (viewing the Rule 60(b) motion, at the judgment debtor's request, as an independent equitable action, the court was unable to find any equitable considerations that would justify compromising the judgment). There are, of course, procedural differences in the motion practice and the independent action, but these have not been found to raise due process considerations which would bar treating a Rule 60(b) motion as an independent action.[9]

Assuming that the district court's action could be treated as an exercise of its independent equitable jurisdiction without contravening the due process requirements for an independent action, we find that this case was not appropriate for the exercise of that power. Conproco's ground for relief was the alleged negligence of its Pennsylvania counsel. Negligence of counsel is not among the equitable considerations which have been viewed as sufficiently compelling to warrant the exercise of "independent and substantive equitable jurisdiction." In fact, absence of fault or negligence of the defendant is one of the essential elements for an independent equitable action. *Bank-*

*ers Mortgage Co. v. United States, supra,* 423 F.2d at 79 (quoting *National Surety Co. v. State Bank,* 120 F. 593, 599 (8th Cir. 1908)). *See Pickford v. Talbott,* 225 U.S. 651, 658, 32 S.Ct. 687, 689, 56 L.Ed. 1240 (1912) (negligence of a party or his agent bars independent equitable relief on grounds of mistake or accident). Because the alleged injustice to Conproco is not of the type generally considered sufficient to warrant an exercise of independent equitable jurisdiction, we decline to uphold the district court's action by viewing it as a proper exercise of that jurisdiction.

There is a second category of cases in which courts of registration have entertained requests presented by Rule 60(b) motions, and in this narrow category they appear to have entertained the Rule 60(b) motions directly. Several courts of registration have considered Rule 60(b)(4) motions for relief from default judgments on the ground that the judgments were void because the rendering courts lacked jurisdiction over the party against whom enforcement was sought. *Covington Industries, Inc. v. Resintex A.G.,* 629 F.2d 730 (2d Cir. 1980); *Donnely v. Copeland Intra Lenses, Inc.,* 87 F.R.D. 80 (E.D.N.Y. 1980); *Radiation Technology, Inc. v. Southern Rad, Inc.,* 68 F.R.D. 296 (N.D. Ga. 1975) (not expressly stating that the motion for relief was brought under Rule 60(b)); *Graciette v. Star Guidance, Inc.,* 66 F.R.D. 424 (S.D.N.Y. 1975). These cases, however, appear to rest on the principle that courts asked to enforce foreign judgments have inherent power to void those judgments if there was no personal jurisdiction over the judgment debtor.

---

prise, or excusable neglect." Fed. R. Civ. P. 60(b).

**9.** In *Hadden v. Rumsey Prods.,* 196 F.2d 92 (2d Cir. 1952), for example, the court treated a Rule 60(b) motion alleging fraud as an independent action. The court recognized that no complaint had been filed, but held that petitioners should not be barred by the labels placed on the papers submitted to the court. It implicitly decided that issuance of a summons was not required by due process because the judgment creditor had taken action equivalent to entering a general appearance. Finally, the court noted that by seeking affirmative relief from the reg-

istration court the judgment creditor had waived any question of personal jurisdiction. *See Bankers Mortgage Co. v. United States, supra,* 423 F.2d at 77 n. 7 ("Where the adverse party is not prejudiced an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action."). *But cf. Taft v. Donellan Jerome, Inc., supra,* 407 F.2d at 808 ("[S]ince [plaintiff] failed to exhaust his legal remedies under Rule 60(b)(4) [in the rendering court] he should not be allowed to bring an equitable action in another jurisdiction.").

They are best read as refusals of the courts of registration to dismiss allegations that the judgments were void simply because the judgment debtor raised the claim in a motion based on Rule 60(b). *See Covington Industries, Inc. v. Resintex A.G., supra,* 629 F.2d at 733 ("Because the court below had the power to entertain appellees' motion to grant the relief requested, the outcome of the appeal before us will not be governed by the label placed upon appellees' manner of proceeding."). Neither the district court nor Conproco cites a case, and we have found none, where a court of registration was willing to entertain directly a Rule 60(b) motion other than one attacking a default judgment for lack of personal jurisdiction. The instant case presents no such challenge.

The present case, then, falls into neither of the classes in which Rule 60(b) motions have served as bases for relief before courts other than the court which rendered judgment. The New Hampshire district court did not, on a 60(b) motion by Conproco, examine the question of the Pennsylvania district court's personal jurisdiction over Conproco; personal jurisdiction is undisputed. Nor did the New Hampshire court, on Conproco's 60(b) motion, entertain a challenge which could properly have been

brought as an independent equitable action. Rather, the court simply concluded that because the New Hampshire district was "sufficiently convenient," [10] it would entertain the action.

Upholding the district court's action in this case would be an unwarranted expansion of the bases on which one court could affect the judgment of a court of coordinate level. We think such an extension unwise because it would unnecessarily increase the opportunities for friction among coordinate federal courts by increasing the number of occasions on which one district court would make a ruling that might eviscerate a judgment rendered by another. Such an extension is inappropriate where the basis for the motion for relief was simply the alleged negligence of Conproco's Pennsylvania counsel in his actions before the Eastern District of Pennsylvania. The record, including Conproco's pleading, shows that the motion requires a factual determination of events which occurred in that court, and between local counsel, acting in Philadelphia where the suit was then pending, and his forwarding counsel in Boston. Thus, we hold that a registration court errs in entertaining a Rule 60(b) motion that alleges neither a judgment void for lack of personal jurisdiction nor grounds

---

**10.** The district court relied on language in several of the cases discussing the appropriateness of Rule 60(b) motions in courts of registration. *United States v. Fluor,* 436 F.2d 383, 385 (2d Cir. 1970), used an analogy to forum non conveniens to support the registering court's power to refer the parties back to the court that rendered judgment. In several cases in which Rule 60(b)(4) attacks on the in personam jurisdiction of courts have been made, it has been emphasized that the rendition court because it entered a default judgment was no more familiar with the factual situation than the court of registration. *See Covington Industries, Inc. v. Resintex A.G., supra,* 629 F.2d at 733; *Donnely v. Copeland Intra Lenses, Inc., supra,* 84 F.R.D. at 84. These cases should not, however, be read to support the proposition that, in situations other than those in which a challenge to the rendering court's jurisdiction is being made, the court of registration should entertain a Rule 60(b) motion whenever the rendering court has no superior knowledge of the factual situation and the court of registration is not an inconvenient forum.

The district court's rationale may have been based on language used by Professor Moore. After expressing the opinion that judicial administration would suffer were courts of registration held to lack power to grant Rule 60(b) relief, he continues:

In some instances the court of registration will be a sufficiently convenient forum that it should entertain a motion under 60(b). In others, it should, in the exercise of a sound discretion, decline to entertain the motion on the theory that the forum where the judgment was originally rendered is a more convenient and satisfactory forum.

7 J. Moore, Moore's Federal Practice ¶ 60.28[1] at 392–93 (2d ed. 1982) (footnote omitted). To the extent that this language is meant to suggest that the court of registration appropriately entertains Rule 60(b) motions other than those alleging voidness for lack of personal jurisdiction or grounds which would support an independent equitable action, we disagree with it.

that would support an independent equitable action. *But cf. United States v. Home Indemnity Co.,* 549 F.2d 10 (7th Cir. 1977) (reversing the court of registration's "mechanical" enforcement of the registered judgment and remanding for an exercise of that court's discretion as to whether a Rule 62(f) stay of execution of judgment was appropriate).

Because our holding is inconsistent with the district court's major premise, that a registration court is an appropriate forum for entertainment of Rule 60(b) motions so long as it is sufficiently convenient, we do not examine its minor premise that under the facts of this case it was a sufficiently convenient forum. We feel constrained to note, however, that even under a test limited to considerations of efficiency and fairness the Pennsylvania court would appear to have been the appropriate forum for the motion.

The judgment of the district court is reversed. *So ordered.*