**FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as conservator for Atlantic Financial Savings, F.A. Financial,\* Plaintiff–Appellee,**

v.

**Rick S. AARONIAN, Defendant–Appellant.**

**No. 95–15388.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1996.

Decided Aug. 21, 1996.

---

\* On December 31, 1995, pursuant to 12 U.S.C. § 1441a(m)(1), the Federal Deposit Insurance Corporation ("FDIC") assumed responsibility for the functions of the Resolution Trust Corporation ("RTC") and acquired its assets and liabilities. Accordingly, the FDIC is the statutory successor to the RTC in its corporate capacity and as conservator for Atlantic Financial Savings, F.A. Financial.

Myron F. Smith, Motschniedler, Michaelides & Wishon, Fresno, California, for defendant-appellant.

Melinda Vaughn, Wild, Carter, & Tipton, Fresno, California, for plaintiff-appellee.

Before REINHARDT and HALL, Circuit Judges, and MERHIGE,** ·District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

The question presented is whether a court in which a judgment was registered erred in determining that the judgment was constitutionally entered by confession. We have jurisdiction in this diversity appeal and affirm.

## I

The case centers on the enforcement mechanisms of a loan agreement. On December 31, 1985, the appellant, Rick S. Aaronian, executed a promissory note in favor of Atlantic Financial Savings, F.A., for $130,-050.17. Aaronian intended to invest the money in a tax-favored windmill project.

■ The note contained a confession of judgment, or cognovit actionem, clause.

> The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder.

D.H. Overmyer Co., Inc. of Ohio v. Frick Co., 405 U.S. 174, 176, 92 S.Ct. 775, 777–78, 31 L.Ed.2d 124 (1972). In the states which permit its use, the cognovit note

> authorizes an attorney to confess judgment against the person or persons signing it. It is written authority of a debtor and a direction by him for the entry of a judg-

** Hon. Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

ment against him if the obligation set forth in the note is not paid when due.... [I]t cuts off every defense which the maker of the note may otherwise have. It likewise cuts off all rights of appeal from any judgment taken on it.

*Id.* at 176 n. 2, 92 S.Ct. at 777–78 n. 2 (quoting *Jones v. John Hancock Mutual Life Ins. Co.,* 20 Ohio Misc. 227, 289 F.Supp. 930, 935 (W.D.Mich.1968), *aff'd,* 416 F.2d 829 (6th Cir.1969)).

After the note's execution, the Resolution Trust Corporation was appointed as receiver for Atlantic Savings and Loan. The RTC took possession of all Atlantic's assets, including Aaronian's note.

Aaronian failed to repay his loan. On January 22, 1991, the RTC filed a complaint seeking judgment by confession of money in the district court for the Eastern District of Pennsylvania.[1] As dictated by the confession of judgment provision in his note, Aaronian was not served with a copy of the complaint. Instead, an attorney for the RTC named Miles Shore appeared on Aaronian's behalf to confess judgment. On January 29, 1991, the district court in Pennsylvania entered judgment against Aaronian for the full amount of the loan.

The next day, on January 30, 1991, Shore sent Aaronian a letter informing him of the judgment against him, and he enclosed with the letter a copy of the judgment. Aaronian took no action on the judgment for three years, when at last Aaronian was ordered to appear in federal court.

 The RTC registered the judgment against Aaronian in the United States District Court for the Eastern District of California on April 16, 1991. Federal law permits a money judgment rendered in one judicial district to be registered in any other judicial district without the need to relitigate. 28 U.S.C. § 1963; *see also* the accompanying Commentary to 1988 Revision. This judgment may then be treated as a lien on any property belonging to the defendant which is located within the district of the court of registration. 28 U.S.C. § 1962. Here, the district court in California issued an abstract of judgment on August 15, 1994, which the RTC filed with the county recorder for the purpose of establishing a lien. The RTC then filed notice of a judgment lien against Aaronian on August 22, 1994.

On September 22, 1994, Aaronian was informed that the Pennsylvania judgment had been registered in California, when the district court in California issued an order that Aaronian "Appear for Examination" to "furnish information to aid in enforcement of [the] money judgment" against him. Rather than appear for examination, Aaronian filed a "Motion to Recall and Quash Certification of Judgment and Related Enforcement Actions." The motion was first heard by a magistrate who submitted his recommendation to the district judge.

Aaronian argued in his motion that the underlying judgment rendered by the federal court in Pennsylvania was unconstitutional. He took the position that a confession of judgment provision may not be enforced unless the trial court first conducts a hearing to determine whether the waiver occurred voluntarily, intelligently and knowingly. Accordingly, Aaronian contended, the court in California could not enforce the judgment against him without first conducting a hearing on the validity of the confession of judgment clause.

The RTC responded, first, that Aaronian should have made this argument to the rendering court in Pennsylvania rather than to the registering court in California. In its view, even if the court in Pennsylvania ought to have conducted such a hearing, the court in California need not have done so. Second, the RTC contended that because Pennsylvania's confession of judgment procedure had been held constitutional on its face, *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250 (3d Cir.1994), an executed cognovit clause was sufficient to waive the defendant's

---

1. Pennsylvania's civil rules permit the entry of judgment by confession. Pa. R. Civ. P. 2955. The rules give the debtor a right to notice of the judgment entered against him within a specified period of time. Pa. R. Civ. P. 2958. Relief from a judgment by confession is obtained by a motion to "strike off" or to "open" the judgment. Pa. R. Civ. P. 2959.

right to notice without further proceedings. Aaronian presented no evidence or argument that he was in fact unaware of the cognovit.

The district court in California ruled for the RTC and denied the motion. Aaronian filed timely notice of appeal.

## II

▮ Aaronian's motion to "recall and quash" is based in a challenge to the constitutionality of the underlying judgment. It is, in substance, a motion for relief from final judgment. We review the denial of such a motion for abuse of discretion. *Export Group v. Reef Indus., Inc.,* 54 F.3d 1466, 1469 (9th Cir.1995) (Rule 60(b)). We review de novo, however, the district court's decision whether to vacate a judgment as void for lack of personal jurisdiction because this is purely a question of law. *Id.; Retail Clerks Union Joint Pension Trust v. Freedom Food Center, Inc.,* 938 F.2d 136, 137 (9th Cir.1991). Errors of law constitute an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 402, 110 S.Ct. 2447, 2459, 110 L.Ed.2d 359 (1990).

▮ Aaronian launched his attack on the decision in the court which registered the judgment rather than the court which rendered it. This does not defeat his claim. A court of registration has jurisdiction to entertain motions challenging the underlying judgment. *In re Joint E. & S. Dists. Asbestos Litig.,* 22 F.3d 755, 762 n. 15 (7th Cir.1994); *Covington Indus., Inc. v. Resintex A.G.,* 629 F.2d 730, 732 (2d Cir.1980) (citing *Baldwin v. Iowa State Traveling Men's Assoc.,* 283 U.S. 522, 525, 51 S.Ct. 517, 517–18, 75 L.Ed. 1244 (1931) and *Adam v. Saenger,* 303 U.S. 59, 58 S.Ct. 454, 82 L.Ed. 649 (1938)); *Indian Head Nat'l Bank of Nashua v. Brunelle,* 689 F.2d 245, 249–50 (1st Cir.1982); *but see In re Universal Display & Sign Co.,* 541 F.2d 142, 144 (3d Cir.1976). It makes no difference

whether the challenge is brought via the procedure described in Rule 60, or some state law analogue to Rule 60, or under the court's inherent power to set aside a judgment in equity, a power which Rule 60 explicitly preserves. *Indian Head,* 689 F.2d at 249–50; Fed.R.Civ.P. 60(b). The label affixed to the motion will not dictate the outcome of the registration court's decision. *Covington,* 629 F.2d at 733; *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 n. 7 (5th Cir.1970) (independent action for relief may be treated as Rule 60(b) motion provided no prejudice ensues to opposing party). Our analysis therefore proceeds in the manner it would had Aaronian invoked Rule 60(b).[2]

Although the registering court has wide discretion to entertain a challenge to the underlying judgment, such motions are disfavored. Registering courts generally prefer litigants to bring motions for postjudgment relief in the rendering court. *In re Joint Asbestos Litig.,* 22 F.3d at 762 n. 15, 763 n. 16; *Indian Head,* 689 F.2d at 249–50; *Covington,* 629 F.2d at 733.[3] This rule is based in various considerations of public policy. *See Indian Head,* 689 F.2d at 249 (citing "comity among the federal district courts" and "efficient judicial administration"); *In re Joint Asbestos Litig.,* 22 F.3d at 763–64, 764 n. 17 (same; also citing Congressional purpose in enacting the registration statute: to simplify the collection of money judgments). Courts of appeals review with deference a registering court's decision to defer to the rendering court, if they review them at all. *See In re Joint Asbestos Litig.,* 22 F.3d at 764 (refusing of review registering court's denial of Rule 60(b) motion on grounds that debtor may seek appeal from decision by rendering forum); *Harmon Kardon, Inc. v. Ashley Hi–Fi,* 602 F.2d 21, 23 (1st Cir.1979) (same); *In re Universal Display & Sign,* 541 F.2d at 144 (reviewing denial of Rule 60(b) motion); *Winfield Assoc., Inc. v. Stoneci-*

---

**2.** The parties did not brief the issue whether Federal Rule 60(b) should apply in this diversity action rather than Pennsylvania Rule 2959 or the comparable California provision.

**3.** For exceptions to this general rule, see *In re Joint Asbestos Litig.,* 22 F.3d at 763 n. 16 (discussing challenges to jurisdiction and cases involving fraud, deceit, accident or mistake) (citing

*pher*, 429 F.2d 1087, 1090 (1970) (same).[4] We have not previously considered our approach to this question and need not do so in this case.

Here, it is not clear whether the registering court denied Aaronian's motion on the merits or, without reaching the merits, sought to have Aaronian file a new motion in the rendering forum.[5] We therefore treat the decision as resolving the merits of Aaronian's claim that the cognovit note unconstitutionally deprived him of due process.

Aaronian argues that the district court erred in registering the judgment against him without first conducting a hearing into the validity of the cognovit. He concedes that confession of judgment procedures are permissible if the written waiver was executed knowingly, voluntarily and intelligently; however, in his view, it is the district court's responsibility always to make specific findings on this issue before it permits judgment to be entered. We think Aaronian's argument amounts to a facial challenge to Pennsylvania's confession of judgment statute, and find no support for his position in the law.

The Supreme Court held in *Overmyer*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124, and its companion case, *Swarb v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972), that confession of judgment clauses are not unconstitutional per se. *Overmyer*, 405 U.S at 187, 92 S.Ct. at 783; *Swarb*, 405 U.S. at 200, 92 S.Ct. at 772. Cognovit notes serve a valuable commercial purpose by injecting a measure of security for the creditor into the lending relationship. *See Overmyer*, 405 U.S. at 186, 188, 92 S.Ct. at 782–83, 783–84. Debtors receive the benefit of credit at a lower rate of interest than they would receive if they did not give the creditor the right to confess judgment against them.

Nevertheless, the right to be heard in court is central to our system of justice, and, as with other constitutional rights, there is no presumption of waiver. *See id.* at 186, 188, 92 S.Ct. at 782–83, 783–84 (Douglas, J., concurring). Because the cognovit note deprives the debtor of notice that he is being sued, and of his right to a hearing, courts demand "clear and convincing evidence" that the written waiver was "voluntary, knowing, and intelligently made." *Overmyer*, at 185–86, 187, 92 S.Ct. at 782, 783 (assuming without deciding that the same standard of proof applies to waiver in the civil context as in criminal cases, and citing criminal cases); *Leonard v. Clark*, 12 F.3d 885, 889–90 (9th Cir.1993) (citing *Overmyer*, 405 U.S. at 187, 92 S.Ct. at 783; *Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1394 (9th Cir.), *cert. denied*, 501 U.S. 1252, 111 S.Ct. 2892, 115 L.Ed.2d 1057 (1991)). The question of waiver is factual. *Overmyer*, at 188, 92 S.Ct. at 783–84; *Leonard*, 12 F.3d at 890.

As the parties to the appeal acknowledge, Pennsylvania's confession of judgment procedure, which the RTC invoked against Aaronian, has been held constitutional on its face because it affords an opportunity to reopen the judgment or to challenge it collaterally at a predeprivation hearing. *Jordan*, 20 F.3d at 1272 (citing *Swarb*, 405 U.S. at 198, 92 S.Ct. at 771). Because the procedure is not invalid per se, a debtor must allege with some specificity facts tending to show a constitutional defect in the *application* of this procedure to him, either when the judgment is entered or at the enforcement stage. Here, Aaronian has failed to allege any such facts. He simply cites *Jordan* for the acontextual proposition that "a court faced with a due process challenge to a confessed judgment should *always* inquire whether the judgment debtor's execution of [the cognovit note] is valid." 20 F.3d at 1272 (emphasis

*Indian Head*, 689 F.2d at 249 n. 8 & 249–50 and *Covington*, 629 F.2d at 733–34).

**4.** A registering court's decision to *grant* a Rule 60(b) motion is always appealable because it reaches the merits. *United States v. Baus*, 834 F.2d 1114, 1123 (1st Cir.1987); *Indian Head*, 689 F.2d 245; *Covington*, 629 F.2d 730; *Credit Alliance Corp. v. Campbell*, 845 F.2d 725, 728 (7th Cir.1988); *Morris by Rector v. Peterson*, 759

F.2d 809, 811 (10th Cir.1985); *Fuhrman v. Livaditis*, 611 F.2d 203 (7th Cir.1979).

**5.** Under Rule 60(b), Aaronian's motion would not have been subject to a rigid time bar. *See Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965) (recognizing that no fixed time limit applies to motions to reopen on grounds of voidness).

added). But the district court is only obliged to hold such a hearing once the debtor has pleaded that he *in fact did not consent* to the waiver contained in his cognovit note. *See Overmyer*, 405 U.S. at 188, 92 S.Ct. at 783–84 (suggesting, obiter, circumstances in which a debtor may be found not to have validly assented to waiver). The judgment debtor in *Jordan*, unlike Aaronian, set forth such facts in his pleadings, and it was only in response to his pleadings that the court conducted a hearing of the sort that Aaronian is seeking for himself.

■ A district court need not hold a hearing into the validity of a confession of judgment clause unless the debtor has pleaded facts which, if proven, would demonstrate that he did not voluntarily, intelligently and knowingly waive his right to prejudgment notice and hearing. *Jordan*, 20 F.3d at 1272; *Leonard*, 12 F.3d at 889–90. To hold otherwise would be to commit two errors of law. First, it would vitiate the Supreme Court's holding in *Overmyer* that confession of judgment clauses are not invalid per se, as the entire purpose of the cognovit note is to avoid the need for a hearing altogether. Second, to permit a debtor to plead a violation of due process, without specifying any facts sufficient to cause such an injury, would deny the opposing party fair notice of the substance of the case against him. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957) (Federal Rules require " 'a short and plain statement of the claim' that will give the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests") (citing Fed.R.Civ.P. 8(a)(2)) (emphasis added).

### III

In order to contest a cognovit actionem clause on federal due process grounds, the judgment debtor must plead specific facts sufficient to support a claim that he did not voluntarily, intelligently, and knowingly waive his right to prejudgment notice and hearing.

AFFIRMED.