Flora STAUDTE, Plaintiff,

v.

Joseph ABRAHAMS and Anna Abrahams, Defendants.

Civil Action No. 97–1840.

United States District Court, E.D. Pennsylvania.

April 22, 1997.

Blake L. Berenbaum, Philadelphia, PA, for Plaintiff.

Peter P. Adubato, Philadelphia, PA, for Defendants.

### MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff has requested that the Clerk enter a default against defendants Joseph Abrahams and Anna Abrahams for failure to answer or otherwise plead to the complaint. *See* Fed.R.Civ.P. 55(a). The record in this case indicates that the Clerk already has entered default against one of the defendants, Anna Abrahams, but declined to enter

default as to Joseph Abraham on the basis that the postal receipt did not include the actual date of service. For the following reasons, the default against defendant Anna Abrahams shall be set aside and the default against defendant Joseph Abrahams shall not be entered.

In support of the request for entry of default, plaintiff has submitted two affidavits of service executed by counsel in which counsel "certifies" that a true and correct copy of the complaint and summons were "served" on the defendants. Plaintiff also has attached to the request for default letters from counsel mailed to the defendants in Pennsylvania and two return receipts executed by the defendants purportedly evidencing that the complaint and summons were actually received by the defendants in Pennsylvania.

In the federal courts, original process may be served under either the law of the state in which the district court sits or under the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 4(e)(1). Except where a waiver has been obtained, the Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail. *See* Fed.R.Civ.P. 4(e). Similarly, the Pennsylvania Rules of Civil Procedure do not authorize service of original process within Pennsylvania by mail, including certified mail.[1] *See Kucher v. Fisher,* 167 F.D.R. 397, 399 (E.D.Pa.1996) (citing *Cahill v. Schults,* 434 Pa.Super. 332, 643 A.2d 121, 125 (1994) ("sending initial process by certified mail . . . improper.")). *See also,* Pa. R. Civ. P. 400 (". . . original process shall be served within the Commonwealth only by the Sheriff."); *Cf. Young v. Pennsylvania Department of Transportation,* 690 A.2d 1300, 1304 (Pa.

Commw.Ct.1997) (explaining that under *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), in a case which commences prior to the running of the statute of limitations, but where service is effectuated thereafter, "a plaintiff must make a good faith effort to notify a defendant of a suit, and the mailing of a writ or complaint certainly accomplishes that goal.").

Because plaintiff has not effectuated service in accordance with either the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure, the default against defendant Anna Abrahams shall be set aside pursuant to Rule 55(c) of the Federal Rules of Civil Procedure[2], and the default against defendant Joseph Abrahams shall not be entered.

An appropriate order shall issue.

### ORDER

**AND NOW,** this **22nd** day of **April 1997,** upon review of the request by plaintiff for entry of default against the defendants Joseph Abrahams and Anna Abrahams for failure to answer or otherwise plead to the complaint (doc. no. 5), it is **ORDERED** that the default against defendant Anna Abrahams shall be set aside pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, and the default against defendant Joseph Abrahams shall not be entered for the reasons stated in the Court's memorandum of this date.

**AND IT IS SO ORDERED.**

---

1. To be sure, the explanatory comment to Rule 403 of the Pennsylvania Rules of Civil Procedure makes clear that *service by mail is authorized only under very limited circumstances.* Specifically, the explanatory comment provides as follows:

Rule 403 prescribes the manner of service by mail but this provision is applicable only when a rule of civil procedure specifically authorizes service by mail. Rules giving such authorization [for service by mail] are Rule 404(3)governing service outside the Commonwealth and Rule 412 governing actions for custody, partial custody and visitation of minor children and actions for divorce or annulment of marriage.

Explanatory Comment to Rule 403.

2. Rule 55(c) of the Federal Rules of Civil Procedure provides as follows:

**(c) Setting Aside Default.** For good cause shown the [district] court may set aside entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Since plaintiff has not effectuated service upon Anna Abrahams in accordance with the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure, the Court concludes that there is good cause under Rule 55(c) for setting aside the entry of default by the Clerk against this defendant.