**HANCOR, INC., Petitioner**

v.

**R & R ENGINEERING PRODUCTS, INC., Respondent.**

**Misc. No. 03–027(JAG).**

United States District Court, D. Puerto Rico.

Aug. 2, 2005.

Rafael E. Davila–Thomas, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Petitioner.

Homero Gonzalez–Lopez, Gonzalez Lopez & Lopez Adames Law Office, San Juan, PR, for Respondent.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On March 19, 2003, petitioner Hancor, Inc. ("Hancor") requested registration in this district of a judgment entered by the U.S. District Court for the Northern District of Ohio, Western Division (the "Ohio District Court") pursuant to 28 U.S.C. § 1963 (Docket No. 1). On March 27, 2003, the Court granted the request (Docket No. 2). On April 2, 2003, Hancor moved for execution of the Ohio District Court's judgment (Docket No. 3). On April 9, 2003, the Court granted the motion (Docket No. 4). On April 24, 2003, respondent R & R Engineering Products, Inc. ("R & R Engineering") moved the Court to vacate the order for execution of judgment and to release the funds that had been garnished in accordance with the order, arguing that the Ohio District Court lacked *in personam* jurisdiction and its judgment was, thus, void (Docket No. 7). On May 16, 2003, Hancor opposed the motion (Docket No. 11). For the reasons discussed below, the Court **DENIES** R & R Engineering's motion.

## FACTUAL BACKGROUND[1]

On March 3, 1993, Hancor and R & R Engineering entered into a "Distributor Agreement" (the "agreement") whereby Hancor appointed R & R Engineering as a non-exclusive distributor to solicit orders for Hancor's products in Puerto Rico. Under the terms of the agreement, Hancor sold goods to R & R Engineering for resale in Puerto Rico. In relevant part, the

[1] The relevant facts are taken from Hancor's opposition to R & R Engineering's motion (Docket No. 11).

agreement stated that it would be "governed by and interpreted in accordance with the internal and substantive laws of the state of Ohio." (Docket No. 11, Exh. A at p. 10). Furthermore,

> [a]ny controversy or claim arising out of or relating to th[e] Agreement, or the breach thereof, shall be finally settled by arbitration in accordance with the Rules of Conciliation and Arbitration of the International Chamber of Commerce then in force. The arbitration shall be conducted in English by a sole arbitrator appointed in accordance with such Rules. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The place of arbitration shall be Findlay, Ohio, U.S.A.

(*Id.*).

Between April 20, 2000 and October 27, 2000, Hancor sold and delivered two-hundred six thousand three-hundred eighty-four dollars and eighty-four cents ($206,-384.84) in goods to R & R Engineering. R & R Engineering, however, refused to pay for those goods. Hancor made numerous requests for payment, but received no response from R & R Engineering.

On March 19, 2001, Hancor initiated arbitration proceedings with the International Chamber of Commerce ("ICC") against R & R Engineering. Shortly thereafter, the ICC appointed Stephen J. Kenerly, Jr. (the "arbitrator") to preside over the proceedings. On March 20, 2001, the arbitrator sent a letter via DHL to Mr. Roberto Roca ("Roca"), R & R Engineering's president, notifying him of Hancor's request for arbitration and requesting it reply within thirty days. On May 9, 2001, the arbitrator again notified R & R Engineering of

the arbitration by letter sent via DHL. On May 21, 2001, the arbitrator asked R & R Engineering to pay twelve-thousand five-hundred dollars ($12,500), its share of the arbitration costs, via letter sent by DHL. On July 2, 2001, the arbitrator reiterated his request for the arbitration fees. On August 7, 2001, Roca orally informed the arbitrator that R & R Engineering did not intend to participate in the arbitration proceedings on advice of its legal counsel. On August 8, 2001, the arbitrator confirmed the conversation via letter sent by facsimile and by registered mail, return receipt requested, which receipt was signed and returned.[2]

On March 1, 2002, R & R Engineering's non-appearance notwithstanding, the arbitration took place in Findlay, Ohio. On May 28, 2002, the arbitrator issued a final award in favor of Hancor for a total amount of two-hundred thirty-six thousand four-hundred sixty-seven dollars and seven cents ($236,467.07), plus interest and arbitration costs and expenses.

On August 16, 2002, Hancor filed a petition to confirm the arbitration award and the entry of judgment with the Ohio District Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. On August 28, 2002, Hancor forwarded a copy of the petition to R & R Engineering via certified mail at the same address where all the previous notifications had been sent. The return receipt shows that R & R Engineering received the petition on September 3, 2002. On January 28, 2003, the Ohio District Court entered judgment on

Hancor's favor confirming the arbitration award.

## DISCUSSION

 Generally, when the judgment of a district court is registered in another district pursuant to 28 U.S.C. § 1963, the registration court may not alter or annul that judgment. *See Board of Trustees, Sheet Metal Workers, National Pension Fund v. Elite Erectors,* 212 F.3d 1031, 1034 (7th Cir.2000). "Still, the [registration court is] free to disregard the judgment without formally annulling it . . ., if the rendering court lacked jurisdiction." *Id.* (citing *Adam v. Saenger,* 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649 (1938); *Hanes Supply Co. v. Valley Evaporating Co.,* 261 F.2d 29 (5th Cir.1958)). "A party that simply refuses to appear may contend in a later case that the first tribunal lacked jurisdiction—though jurisdiction is the *only* issue thus preserved, and if the first court had jurisdiction then the judgment must be enforced." *U.S. v. County of Cook, Ill.,* 167 F.3d 381, 388 (7th Cir.1999)(citing *Earle v. McVeigh,* 91 U.S. 503, 507, 1 Otto 503, 23 L.Ed. 398 (1875); *Williams v. General Electric Capital Auto Lease, Inc.,* 159 F.3d 266 (7th Cir.1998); *Metropolitan Life Insurance Co. v. Cammon,* 929 F.2d 1220, 1222–23 (7th Cir.1991))(emphasis in the original).

 R & R Engineering is challenging the validity of the Ohio District Court's judgment by arguing that it lacked personal jurisdiction inasmuch as it was never properly served.[3] The Federal Arbitration Act ("FAA") provides that

---

2. The record also shows that the arbitrator and the ICC's Secretariat sent R & R Engineering several communications via certified mail with return receipt requested. The receipt was signed and returned every time.

3. Insofar as R & R Engineering may have any other argument attacking its obligation to ar-

bitrate or the arbitration proceedings themselves, it should have raised those arguments before the Ohio District Court. *See Indian Head Nat. Bank of Nashua v. Brunelle,* 689 F.2d 245, 251–2 (1st Cir.1982)("Thus, we hold that a registration court errs in entertaining a Rule 60(b) motion that alleges neither a judgment void for lack of personal jurisdiction nor

[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding ... If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. Mainly, R & R Engineering argues that it was not served through a U.S. Marshal and, thus, it was not subject to the Ohio District Court's jurisdiction when it rendered its judgment.

Although there is scant caselaw interpreting the FAA's § 9 service requirement, the Court is not entirely without guidance. Some courts have questioned the continued validity of § 9's service re-

quirement following later amendments to the Federal Rules of Civil Procedure.

Section [9] is an anachronism not only because it cannot account for the internationalization of arbitration law subsequent to its enactment, but also because it cannot account for the subsequent abandonment of the United States marshals as routine process servers ... The "ostensibly principal purpose" of the amendments [to the Federal Rules of Civil Procedure] was to "tak[e] the marshals out of summons service almost entirely."

*Matter of the Arbitration Between Inter-Carbon Bermuda, Ltd. & Caltex Trading and Transport Corporation*, 146 F.R.D. 64, 67 n. 3 (S.D.N.Y.1993)(*quoting Changes in Federal Summons Service Under Amended Rule 4 of the Federal Rules of Civil Procedure*, 96 F.R.D. 81, 94 (1983)). "In these circumstances, Section [9] cannot be taken as the proper standard for service of process. Recourse must be had to the Federal Rules of Civil Procedure." *Id.* at 67.[4] "The phrase 'in like manner as other process of the court' found in § 9 of the Arbitration Act refers to Fed.R.Civ.P. 4 on the accomplishment of appropriate service...." *Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1277 (2d Cir.1971).

The Federal Rules of Civil Procedure provide that,

service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

---

grounds that would support an independent equitable action."); *Elite Erectors*, 212 F.3d at 1034 ("This Circuit is among the majority that require Rule 60(b) motions to be presented to the rendering court."). The Court's *only* concern here is with the Ohio District Court's jurisdiction or lack thereof when it rendered its judgment affirming the arbitration award.

4. Although the *InterCarbon* opinion dealt specifically with § 12 of the FAA, "[s]ections 9 and 12 employ the same language regarding service upon nonresidents." *InterCarbon*, 146 F.R.D. at 67.

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Thus, "[i]n the federal courts, original process may be served either under the law of the state in which the district court sits or under the Federal Rules of Civil Procedure." *Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D.Pa. 1997).

■ Hancor served summons upon R & R Engineering in this case by certified mail with return receipt, which receipt was duly signed and returned. However, "[e]xcept where a waiver has been obtained, the Federal Rules of Civil Procedure do not provide for service of original process by mail, including certified mail." *Id.* The record is devoid of any such waiver signed by R & R Engineering. Thus, Hancor may only prevail if, in accordance with Fed.R.Civ.P. 4(e)(1), it complied with the Ohio Rules of Civil Procedure for service upon nonresident defendants.

Ohio's Rules of Civil Procedure allow for service to nonresidents by certified mail "[e]videnced by return receipt signed by any person," Ohio Civ. R. 4.3(B)(1), when that person "has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's: (1) transacting any business in th[at] state...." Ohio Civ. R. 4.3(A). The Ohio

courts have interpreted the broad language in the phrase "transacting any business" to include a "nonresident corporation [that] initiates, negotiates a contract, and through the course of dealing becomes obligated to make payments to an Ohio corporation." *Hammill Mfg. Co. v. Quality Rubber Prod., Inc.*, 82 Ohio App.3d 369, 612 N.E.2d 472, 475 (1992). However, "[a] nonresident's mere solicitation of business in Ohio does not constitute 'transacting any business in [Ohio].' " *Mustang Tractor & Equip. Co. v. Sound Environmental Serv., Inc.*, 104 Ohio Misc.2d 1, 727 N.E.2d 977, 981 (1999)(*quoting Sherry v. Geissler U. Pehr GmbH*, 100 Ohio App.3d 67, 651 N.E.2d 1383, 1387 (1995)). "[T]he Supreme Court of Ohio's current interpretation of [Ohio's long-arm statute] and Civ. R. 4.3 seems to be that the statute and rule are intended to reach to the full outer limits of litigation which is permissible consistent with federal due process of law limitations." *Columbus Show Case Co. v. CEE Contracting Co.*, 75 Ohio App.3d 559, 599 N.E.2d 881, 884 (1992). "[A] court must determine, case-by-case, whether a nonresident is transacting business in the state of Ohio." *Sherry*, 651 N.E.2d at 1387 (*citing U.S. Sprint Communications Co. L.P. v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 624 N.E.2d 1048, 1052 (1994)).

In this case, although there is no evidence on the record of who actually initiated the contact between Hancor and R & R Engineering, "the determination is [not] always dependent upon *who* initiates contact ... The question of who initiated contact is but one factor to be considered." *Military Supply, Inc. v. Reynosa Const., Inc.*, 2000 WL 109783, n. 3 (Ohio App. Jan 26, 2000). The fact is that R & R Engineering did negotiate and sign a contract with Hancor, a resident of Ohio; a contract that would be governed by the laws of the State of Ohio. That contract gov-

erned the parties' presumably amicable relationship for seven years before the current dispute arose between them. Furthermore, through those dealings, R & R Engineering ordered goods from Hancor and became obligated to make payment for them. By failing to make that payment, R & R Engineering did indeed cause the event to occur which gave rise to this complaint while transacting business in Ohio.

> Thus where the defendant "deliberately" has engaged in significant activities within a State, or has created "continuing obligations" between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–6, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted).

Accordingly, the Court must find that service upon R & R Engineering by certified mail with return receipt requested, and that receipt being duly signed and returned, satisfies Ohio Civ. R. 4.3's requirements for service upon nonresidents. Therefore, the Ohio District Court did have *in personam* jurisdiction over R & R Engineering when it rendered its judgment and, the judgment being valid, the motion must be denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** R & R Engineering's motion to vacate the order of execution of judgment.

IT IS SO ORDERED.