Mary KULIK, Plaintiff,

v.

Mark BRONSTEIN, Defendant.

MBD No. 09–10264–PBS.

United States District Court,
D. Massachusetts.

Nov. 3, 2011.

Susan E. Deveney, Johnston, RI, for Plaintiff.

Charles P. Kazarian, Law Office of Charles P. Kazarian, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER ON THE QUESTION OF WHETHER THE U.S. DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND HAD PERSONAL JURISDICTION OVER THE DEFENDANT IS TO BE DECIDED IN THAT COURT OR IN THE DISTRICT OF MASSACHUSETTS*

COLLINGS, United States Magistrate Judge.

Mary Kulik ("Kulik") sued Mark Bronstein ("Bronstein") and others in the United States District Court for the District of Rhode Island ("the Rhode Island court") on July 24, 2008. Bronstein was served with process in Massachusetts on August 20, 2008 but never responded to the summons. As a result, the District Judge in the Rhode Island court entered a default judgment against Bronstein on August 12, 2009.

The underlying action was an ERISA case brought by Kulik against Harvard Pilgrim Health Care, Inc. and Liberty Mutual Insur-

was an entry of default.

ance Company challenging the termination of her long-term disability benefits in 2001. Bronstein is alleged to have been Kulik's attorney for the purpose of challenging that decision. Bronstein is only named in Count III of the complaint which alleges that he committed legal malpractice by failing to file a timely appeal of the decision terminating benefits.

Proceedings before the Rhode Island court were somewhat limited. A review of the docket reveals that the defendant, Harvard Pilgrim Health Care, Inc., filed a motion to dismiss which was not opposed by Kulik and the claims against Liberty Mutual Insurance Company were settled.

On September 22, 2009, Kulik registered the Rhode Island judgment in the United States District Court for the District of Massachusetts ("the Massachusetts court"). After a writ of execution was issued and served upon Bronstein, Kulik filed an Application for Supplementary Process (# 5) on April 4, 2011, and on August 15, 2011, a Motion for Application of Supplementary Process (# 6) seeking an examination of the judgment debtor. On September 26, 2011, Bronstein filed a Motion to Revoke or Suspend Supplementary Process and to Revoke Registration of Void Foreign Judgment under Rule 60(b)(4) and 60(c)(1)(# 10). The basis of Bronstein's motion is the assertion that the Rhode Island court never had personal jurisdiction over him. Bronstein's motion was referred to the undersigned for decision on October 4, 2011.

While counsel for the parties agree that in these circumstances, a decision must be rendered as to whether there was personal jurisdiction over Bronstein in Rhode Island, they disagree as to whether that decision is to be made by the Rhode Island court or the Massachusetts court. Kulik maintains that the issue should be decided by the Rhode Island court; Bronstein argues that it should be made by the Massachusetts court.

The leading case in the First Circuit which discusses this issue is *Indian Head National Bank of Nashua v. Brunelle*, 689 F.2d 245 (1 Cir., 1982). In that case, the court was presented with the question on whether a challenge to a foreign judgment based on factors other than lack of personal jurisdiction could be heard by the court in which the foreign judgment was registered. The holding of the case was that that particular challenge could not be heard in the court in which the foreign judgment was registered. In so holding, the court limned the law with respect to when a court in which a foreign judgment was registered could hear a Rule 60(b)(4) challenge to the foreign judgment based on lack of personal jurisdiction over the defendant by the court which entered the judgment. The First Circuit wrote:

There is a second category of cases in which courts of registration have entertained requests presented by Rule 60(b) motions, and in this narrow category they appear to have entertained the Rule 60(b) motions directly. Several courts of registration have considered Rule 60(b)(4) motions for relief from default judgments on the ground that the judgments were void because the rendering courts lacked jurisdiction over the party against whom enforcement was sought. *Covington Industries, Inc. v. Resintex A. G.*, 629 F.2d 730 (2d Cir.1980); *Donnely v. Copeland Intra Lenses, Inc.*, 87 F.R.D. 80 (E.D.N.Y.1980); *Radiation Technology, Inc. v. Southern Rad, Inc.*, 68 F.R.D. 296 (N.D.Ga.1975) (not expressly stating that the motion for relief was brought under Rule 60(b)); *Graciette v. Star Guidance, Inc.*, 66 F.R.D. 424 (S.D.N.Y.1975). These cases, however, appear to rest on the principle that courts asked to enforce foreign judgments have inherent power to void those judgments if there was no personal jurisdiction over the judgment debtor. They are best read as refusals of the courts of registration to dismiss allegations that the judgments were void simply because the judgment debtor raised the claim in a motion based on Rule 60(b). *See Covington Industries, Inc. v. Resintex A. G., supra*, 629 F.2d at 733 ("Because the court below had the power to entertain appellees' motion to grant the relief requested, the outcome of the appeal before us will not be governed by the label placed upon appellees' manner of proceeding."). Neither the district court nor Conproco cites a case, and we

have found none, where a court of registration was willing to entertain directly a Rule 60(b) motion other than one attacking a default judgment for lack of personal jurisdiction. The instant case presents no such challenge.

*Indian Head National Bank,* 689 F.2d at 250–1.

While this passage from the *Indian Head National Bank* case clearly permits the court in which the foreign judgment is registered to decide a claim of lack of personal jurisdiction by the court which entered the judgment, it does not state that the court of registration is the only forum in which the issue can be raised. Clearly, Bronstein could have filed the Rule 60(b)(4) motion in the Rhode Island court and that court would have the power to rule on the issue. That said, it appears that district courts in the First Circuit, citing the *Indian Head National Bank* case, have heard Rule 60(b)(4) motions based on lack of personal jurisdiction when foreign judgments are registered in their courts. *See Hancor, Inc. v. R & R Engineering Products, Inc.,* 381 F.Supp.2d 12, 14–17 (D.P.R., 2005); *Phi Technologies v. New England Sound & Communications, Inc.,* 634 F.Supp. 547, 550–551 (D.Mass., 1986). However, it does not appear that in either of those cases there was any contention that the issue of personal jurisdiction should have been heard by the court that entered the judgment. And it does not appear to be disputed that a court in which a judgment is registered may, in its discretion, refer a Rule 60(b)(4) motion based on lack of personal jurisdiction back to the court which entered the judgment. *Best Western International, Inc. v. Super Sunrise, LLC,* 710 F.Supp.2d 613, 615, 617 (E.D.Ky., 2008) (citing *Covington Industries, Inc. v. Resintex A. G.,* 629 F.2d 730, 738 (2 Cir., 1980) (Lumbard, J., concurring)).

■ In the end, it is a matter of judicial discretion. The Court must balance "[j]udicial efficiency and comity among district courts," *Best Western,* 710 F.Supp.2d at 617 (citing *Harper Macleod Solicitors v. Keaty & Keaty,* 260 F.3d 389 (5 Cir., 2001)) "against the well-established principle that a defendant is permitted to purposely suffer a de-

fault judgment in order to collaterally attack the jurisdiction of the rendering court." *Best Western,* 710 F.Supp.2d at 618 (citing *Budget Blinds, Inc. v. White,* 536 F.3d 244, 259–60 (3 Cir., 2008)).

In my judgment, balancing these factors results in the conclusion that the issue of personal jurisdiction should be decided by the Massachusetts court. First, the Court relies on the limited nature of the proceedings in the Rhode Island court which would indicate that the Rhode Island district judge's familiarity with the merits of the case as against Bronstein would have been minimal. "Judicial efficiency premised upon the assumption that the rendering court is more likely to be familiar with the case does not apply when the judgment in question was entered by default." *Best Western,* 710 F.Supp.2d at 617–18 (citing *On Track Trans., Inc. v. Lakeside Warehouse & Trucking, Inc.,* 245 F.R.D. 213, 221 (E.D.Pa., 2007)).

Second, the issue does not present any particular issues of Rhode Island law. Courts have deferred to courts entering the challenged judgment when discrete issues respecting the state law of the state in which the courts are located are raised. For example, in the *Best Western* case, the challenge was that the defendant was never properly served with process under Arizona law. 710 F.Supp.2d 613. *See also Fuhrman v. Livaditis,* 611 F.2d 203, 205 (7 Cir., 1979) ("... the lack of personal jurisdiction issue ... required an interpretation of the laws of the state of Iowa, and for that reason ... the federal court in Iowa would be a more convenient forum that the federal court in Illinois.").

In the instant case, the law of Rhode Island regarding personal jurisdiction is commensurate with the Constitutional analysis. *White v. Shiller Chemicals, Inc.,* 379 F.Supp. 101, 104 (D.R.I.), *aff'd,* 503 F.2d 1396 (1 Cir., 1974) (Table). Specifically, R.I. Gen. Laws 1956 § 9–5–33(a) provides that non-residents are deemed "amenable to suit in Rhode Island in every case not contrary to the provisions of the constitution or laws of the United States." Manifestly, judges in both the Rhode Island and Massachusetts courts are equally skilled in deciding whether personal

jurisdiction of a non-resident of a state can be asserted such as to comport with the Due Process Clause. No familiarity with the specifics or intricacies of Rhode Island law are required.

For all of these reasons, the Court ORDERS that Bronstein's Rule 60(b)(4) alleging that the Rhode Island court lacked personal jurisdiction over him will be decided by the Massachusetts court.