**WINFIELD ASSOCIATES, INC.,**
Appellee,

v.

**W. L. STONECIPHER, Appellant.**

No. 459–69.

United States Court of Appeals,
Tenth Circuit.

July 14, 1970.

---

Robert H. Bingham, Kansas City, Kan. (Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, and Ervin G. Johnston, Kansas City, Kan., on the brief) for appellant.

Arlyn D. Haxton, Kansas City, Mo. (Blumenfeld & Blumenfeld, Chicago, Ill., McAnany, Van Cleave & Phillips, Kansas City, Kan., Dietrich, Tyler, Davis, Burrell & Dicus, and Robert K. Dreiling, Kansas City, Mo., on the brief) for appellee.

Before PICKETT, MURRAH and HILL, Circuit Judges.

HILL, Circuit Judge.

This appeal from the Kansas District concerns the denial of relief from a default money judgment rendered in the Northern District of Illinois.

The default judgment was rendered on June 30, 1966, in the amount of $27,000 plus interest and costs in favor of appellee and against appellant. Pursuant to 28 U.S.C. § 1963, on November 18, 1966, the judgment was registered in the District of Kansas for the purpose of enforcing the same against property in the Kansas District belonging to appellant. Stonecipher thereafter filed a motion under Rule 60(b), F.R.Civ.P., 28 U.S.C., in the Kansas District attacking the judgment as null and void, alleging therein all of the grounds set out in the Rule plus allegations of improper service upon Stonecipher and lack of notice of the application for default judgment and the hearing thereon in violation of Rule 55(b) (2), F.R.Civ.P., 28 U.S.C. Appellee then filed a motion to strike or dismiss the motion for a show cause order. This motion was denied and the matter proceeded to an evidentiary hearing, after which the controversy was submitted to the court.

The trial court made extensive findings of fact, which we summarize as follows:

Stonecipher entered into an agreement with appellee Winfield wherein Winfield agreed to provide Stonecipher with a "bonded deferred commitment" within 15 days. The commitment was to be used as a vehicle to obtain interim financing for Stonecipher in the amount of $300,000.00, and a condition of the agreement was that the commitment, when issued, had to be financially acceptable to the interim lender. The agreement further provided that Winfield should receive 10% of the amount of the commitment or a total of $30,000 as the fee for procuring the commitment, and $3,000 of this fee was advanced at the signing of the agreement. Subsequently Winfield instituted suit in

the United States District Court for the Northern District of Illinois seeking the $27,000 balance of the fee and alleging that appellee had performed the agreement but had not been fully paid.

After process was served on Stonecipher on March 30, 1966, he forwarded the complaint and summons to Edward Sexton, an attorney practicing in the State of Arizona, the attorney who had previously represented him in the negotiations with Winfield, and Sexton agreed to represent Stonecipher in the Illinois suit. On April 20, 1966, Sexton telephoned one Edgar Blumenfeld of Chicago, counsel for Winfield, and obtained an oral extension of time within which to answer the pending complaint. Sexton also advised Blumenfeld that he would obtain and forward affidavits proving that Winfield had not procured a commitment satisfactory to the interim lender and was not entitled to recover the procurement fee.

On May 10, 1966, the Clerk of the Illinois District Court mailed notice to Blumenfeld that the pending suit was set for a status report on June 16th. Subsequently on May 16th Blumenfeld received another call from Sexton to inform Blumenfeld that the affidavits, answer and counterclaim, stipulation for an extension of time, and notice for leave to appear specially would be prepared soon and would be sent to Blumenfeld for presentation to the Court on behalf of Sexton's client. During that telephone conversation Blumenfeld agreed that upon receipt of the pleadings and motions he would present them to the Court on Sexton's behalf, but Blumenfeld did not inform Sexton the case had been set for report on June 16, 1966. The pleadings and motions were forwarded to Blumenfeld on June 6th, and he presented them to the Court on June 9th. The Court, under its local Court Rule 7(b), refused to entertain the application to appear specially and the answer and counterclaim were not filed.

Blumenfeld thereafter forwarded his letter dated June 13, 1966, in which he advised Sexton that the local rules of the court required his client to appear by an attorney admitted to practice in the Northern District of Illinois. He further suggested that this be accomplished by June 17th "so as not to make necessary the entry of an order of default judgment." Blumenfeld's letter contained no mention of the setting of the case for report on status on June 16th. Sexton received this letter from Blumenfeld on June 16 or 17, 1966.

Subsequently, Blumenfeld filed an affidavit for default judgment on June 21, 1966, obtaining a hearing on that date, and further obtained a setting for proof of damages on June 30, 1966. No notice of either the hearing on June 21st or the setting on June 30th was given Sexton or his client Stonecipher, and on June 30, 1966, Blumenfeld appeared in court and obtained default judgment against appellant on the agreement to provide a bonded deferred commitment. After entry of the judgment, appellant Stonecipher obtained Illinois counsel who appeared before the Illinois District Court with Sexton and moved to vacate the default judgment under both Rules 60(b) and 55(b) (2). The motion was denied and no appeal was taken from the default judgment or from the denial of the motion to vacate the judgment. Instead, appellant Stonecipher waited to attack the judgment in Winfield's proceedings to enforce the judgment before the United States District Court of Kansas.

The trial judge, upon the basis of his findings of fact, declined to consider the case under Rule 60(b) and determined that Stonecipher's attack was an independent equitable action for relief from the judgment. He further determined that Stonecipher had deliberately bypassed his legal remedy of appeal from the judgment and the subsequent order denying relief from the judgment under Rules 60(b) and 55(b) (2), both entered in the Northern District of Illinois, and denied any equitable relief.

Stonecipher takes this appeal urging that it was error to deny his motion to

set aside the Illinois judgment because: 1) Rule 60(b) imposes on a trial court the power to grant relief from judgments obtained in other United States District Courts provided the grounds for relief stated in the Rule are established; and 2) although appellant appeared in the suit before the Illinois District Court, default judgment was entered against him without giving him three days written notice as required by Rule 55(b) (2), F.R.Civ.P., 28 U.S.C. Both contentions lack merit and we affirm.

Upon considering the first point on appeal, we initially note that appellant characterizes his motion before the trial court as an application for relief pursuant to Rule 60(b). The trial judge declined to treat appellant's motion as one under Rule 60(b) and instead treated the motion as an independent equitable action for relief from the default judgment. Although appellant now contends on appeal that Rule 60(b) imposes in the trial court the power to grant relief from the judgments entered in other United States District Courts, he ignores the point that relief under Rule 60(b) is addressed to the sound discretion of the court.[1] Appellant has made no attempt to show an abuse of discretion. On the contrary, it appears that central to the trial judge's exercise of discretion is the fact that appellant deliberately bypassed his legal remedies of appeal from the default judgment and from the rendering court's order denying relief from the judgment.

 We agree with the trial judge and absent a showing that he abused his discretion in denying relief under Rule 60(b), we are compelled to likewise treat this case not under Rule 60(b) but as an independent equitable action. Viewing this case as an independent equitable action precludes a determination of the issue posed by appellant as to whether Rule 60(b) is a proper means for attacking a judgment entered by a United States District Court sitting in another state.

As a practical matter, it is not important whether the trial judge considered the attack upon the default judgment under Rule 60(b) or as an independent equitable action. A full evidentiary hearing was had, appellant was permitted to present evidence on every ground asserted, after which the trial judge, in the exercise of his judicial and equitable discretion, denied relief.

 Rule 60(b), as amended, specifically preserves the right to attack a judgment by an independent equitable action. This right supersedes the various ancient writs recognized by the common law.[2] Generally, such an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy.[3] It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness.[4] In this type of action, it is fundamental that equity will not grant relief if the complaining party "has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action * * * to open, vacate, modify or otherwise obtain relief against, the judgment."[5] The granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge.[6] An appellate court

1. Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136 (10th Cir. 1966); Abel v. Tinsley, 338 F.2d 514 (10th Cir. 1964).

2. Oliver v. City of Shattuck, 157 F.2d 150 (10th Cir. 1946).

3. 49 C.J.S. Judgments § 341b.

4. Ibid.

5. 49 C.J.S. Judgments § 343a.

6. *Moldwood Corporation v. Stutts*, 410 F. 2d 351 (5th Cir. 1969); Mannke v. Benjamin Moore & Company, 375 F.2d 281 (3rd Cir. 1967); Hiern v. St. Paul-Mercury Indemnity Company, 262 F.2d 526 (5th Cir. 1959). *See* 49 C.J.S. Judgments § 341a.

should not disturb the equitable determination of the trial judge unless it can conclude that the trial judge abused his discretion.

■ Applying the above principles of law and from the record we decline to disturb the decision of the trial judge.

We deem it appropriate to separately elaborate upon appellant Stonecipher's attack on the default judgment on the grounds that the Illinois District Court did not comply with the notice provision contained in Rule 55(b) (2), F.R.Civ. P., 28 U.S.C. At the outset we note that the trial judge did not make conclusions of law specifically relating to this point although this point was raised after a fashion in appellant's motion to set aside the judgment. Ordinarily we would want the benefit of the trial judge's conclusion on such an issue, but in this case the trial judge made sufficient findings of fact to enable us to dispose of this point.

We perceive appellant's point with regard to Rule 55(b) (2) to be that since the Illinois District Court did not comply with the notice provisions of the Rule and therein violated the fundamental principles of due process, therefore that court lacked the power and jurisdiction to enter a default judgment under Rule 55(b). To support his contention that the default judgment was entered against him in derogation of Rule 55, Stonecipher argues that Sexton served an answer and counterclaim on Blumenfeld, the opposing counsel; that this constitutes an appearance under Rule 55; that Rule 55(b) (2) requires that if a default judgment is sought against a party who has appeared in an action he should be served with written notice at least three days prior to the hearing on such application; and finally that neither Stonecipher nor his counsel Sexton received such notice.

■■ Assuming for the sake of argument, and without so holding, that the facts present here are sufficient to constitute an appearance by Stonecipher in the suit against him in the Northern District of Illinois, the default judgment is not necessarily a void judgment. A procedural defect, such as failure to give notice as required, may be sufficient to afford relief from a default judgment on appeal or for relief under Rule 60(b) or together with other irregularities shown by the facts of a particular case may render the judgment void, however the error should not usually be treated as so serious as to render the judgment void. Such a procedural defect should be considered "in the light of surrounding circumstances and will at times be harmless." 7 Moore's Federal Practice ¶ 60.25[2]. When this issue was presented to the trial judge in the Northern District of Illinois, apparently he rejected it because he did not consider that an appearance had been entered. In addition, from his comments made during the course of the hearing, he could not conclude that the case presented a situation of excusable neglect. The Kansas trial judge in denying relief to Stonecipher put stress upon his failure to pursue his adequate and available remedy of appeal and expressly found that Stonecipher had deliberately bypassed the remedy of appeal. These are proper circumstances to consider in this independent equitable action. We have carefully considered the records of both the Illinois and Kansas Courts and are compelled to the conclusion that appellant now finds himself in this inextricable situation because of inexcusable neglect and his failure thereafter to pursue the adequate and available legal remedy of appeal. This is clearly a sufficient basis for the denial of any equitable relief from the default judgment.

Affirmed.