946 F.2d 886
 57 Fair Empl.Prac.Cas. (BNA) 688
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Emerson PORTER, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 90-2713.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 28, 1991.
Decided Oct. 8, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-89-735-5-CIV)
 Romallus O. Murphy, Greensboro, for appellant.
 Margaret P. Currin, United States Attorney, Eileen G. Coffey, Assistant United States Attorney, Jesse L. Butler, Assistant General Counsel, David G. Karro, Michael Propst, United States Postal Service, Washington, D.C., for appellee.
 F.D.N.C.
 AFFIRMED.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Emerson Porter, an ex-employee of the United States Postal Service (USPS), is seeking relief from actions of his former employer which he claims were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2002 et. seq. and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791.
 
 
 2
 Porter filed his initial administrative complaint with USPS on February 21, 1986. The USPS dismissed the case, concluding that it was untimely filed. He then filed a complaint with the Equal Employment Opportunity Commission (EEOC) which affirmed USPS's decision and issued a right to sue letter. Porter then made a request to the Office of Review and Appeals (ORA) to reopen the case. While that request was pending, Porter filed his first civil action, pro se, in the district court. Thereafter, Porter's request to reopen was granted by ORA. The civil action was subsequently dismissed, with prejudice, for failure to prosecute after Porter was ordered to show cause why the court should not so rule.
 
 
 3
 The day after the civil action was dismissed, USPS notified ORA that Porter had filed a civil action. Thereafter, ORA issued a letter to the EEOC indicating that, pursuant to the provisions of 29 C.F.R. § 1613.283 as amended, effective November 31, 1987, the request to reopen should not be given effect since the civil action had been filed. The investigation that had been initiated by USPS was ceased at the direction of the EEOC.
 
 
 4
 Porter filed the instant civil action on September 20, 1989, seeking the same relief and alleging the same facts as in his first complaint. The defendant, USPS, responded with a motion to dismiss or, in the alternative, for summary judgment, arguing that res judicata barred Porter from relitigating the facts in the case since the dismissal in the prior suit was with prejudice, and therefore acted as a decision on the merits. Porter responded to the motion with a request for relief under Fed.R.Civ.P. 60(b), thereby requesting the district court to treat his complaint as an independent action seeking relief from a prior judgment. The district court ruled in favor of defendants and Porter appeals.
 
 
 5
 Porter has cited the change in the provisions of 29 C.F.R. § 1613.283 as being relevant to this appeal. The change, effective November 30, 1987, sets forth the rule that the filing of a civil action terminates processing of the complaint with the EEOC. Prior to this change, the C.F.R. provision stated exactly the opposite: that the filing of a civil action would not terminate processing of a complaint with the EEOC. Porter argues that his EEOC complaint should not have been terminated after he filed his first civil complaint since the civil action was filed before the C.F.R. change took effect. See 52 Fed.Reg. 41,920 (1987).
 
 
 6
 Porter's argument with respect to the C.F.R. change is irrelevant to the district court's dismissal of his complaint in the instant action. The case might have been different had he taken a voluntary dismissal (which would have been without prejudice) in the first action and then attempted to refile in federal court later, basing his argument on the C.F.R. change. However, the first dismissal had nothing to do with the procedural posture of the complaint with the EEOC. Rather, it was the direct result of Porter's own dilatoriness in not responding to the district court's orders to show cause why the case should not be dismissed with prejudice for failure to prosecute. Porter cannot rely on his pro se status since, although he filed his initial complaint without counsel, he had retained counsel at the time the court was considering dismissal and ordering him to respond. In fact, in a letter dated October 5, 1987, counsel for Porter indicated that voluntary dismissal would be appropriate and asked Porter for authorization to move the court for such dismissal at that point. There are no reasons in the record indicating why voluntary dismissal was not taken.
 
 
 7
 Porter also offers no reason justifying relief pursuant to Fed.R.Civ.P. 60(b) other than "equitable considerations" and the fact that plaintiff never had "his day in court on the merits."
 
 
 8
 In order to bring an independent action for relief pursuant to Fed.R.Civ.P. 60(b), a plaintiff must show:
 
 
 9
 (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.
 
 
 10
 Great Coastal Express v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., 675 F.2d 1349, 1358 (4th Cir.1982), cert. denied, 459 U.S. 1128 (1983). Not only has plaintiff in this case failed to show any of the recognized grounds for relief, he has not demonstrated that he is free from fault or negligence. See Winfield Assoc. v. Stonecipher, 429 F.2d 1087, 1090 (10th Cir.1970). In fact, he acknowledges his own negligence in his response to the defendant's motion to dismiss or, in the alternative, for summary judgment by stating that, "plaintiff does exhibit some indecisiveness which tends to suggest fault."
 
 
 11
 Because Porter has not demonstrated any recognized ground for relief in the form of an independent action, and because he has not shown justification for his own dilatoriness in allowing the prior action to result in default judgment, the district court did not abuse its discretion in denying plaintiff's request for relief. See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987). The decision of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 12
 AFFIRMED.