FILED
United States Court of Appeals
Tenth Circuit

December 7, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL ATKINS,

    Plaintiff - Appellant,

v.

HEAVY PETROLEUM PARTNERS,
LLC; CHEROKEE WELLS, LLC;
ROBERT DeFEO; JOHN WESLEY
BROOMES; HINKLE LAW FIRM, LLC;
PROMETHEUS PETROLEUM, LLC;
DAVID E. ORR; ARDEN ELLIS; JENS
HANSEN; JAG PETROLEUM, LLC;
MACLASKEY OILFIELD SERVICES,
INC.,

    Defendants - Appellees.

No. 15-3050
(D.C. No. 5:14-CV-04016-EFM-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Paul Atkins, a Kansas citizen, filed suit in Kansas state court. Six of the

defendants removed the case to federal court, asserting that Mr. Atkins had

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fraudulently joined three Kansas citizens as defendants and that, disregarding those three defendants, the federal court had diversity jurisdiction under 28 U.S.C. § 1332. The court agreed, dismissed the three Kansas defendants, rejected Mr. Atkins' attempts to file an amended complaint, and ultimately dismissed his claims against the remaining defendants. Mr. Atkins appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

### A. The Farmout Agreement

Mr. Atkins is an owner of J.J.R. of Kansas Limited (JJR), a family-owned business which held an interest in an oil and gas lease in Kansas referred to as the Zachariah Lease. JJR entered into a Farmout Agreement with Heavy Petroleum Partners (HPP), agreeing to assign to HPP a 75% working interest in the Zachariah Lease if HPP was able to produce oil on the lease in commercial quantities. For its part, HPP was to develop and use steam injection technology in an attempt to increase oil production on the lease. But before HPP had gotten production up to commercial quantities (and before it began using steam injection), JJR unconditionally assigned the 75% interest to HPP. Later, Mr. Atkins, who actively participated in the daily operations and resided on the Zachariah Lease, turned off the wells, filed an affidavit of nonproduction in the county records, and filed a change of operator form with the Kansas Corporations Commission (KCC) that attempted to designate JJR as the operator.

2

**B.     The first lawsuit**

In response, HPP and the operator of the Zachariah Lease, Cherokee Wells, LLC, brought a federal action against JJR and Mr. Atkins (First Lawsuit). That action resulted in two appeals to this court. In the first, we affirmed the district court's ruling that the parties' related joint operating agreement (JOA) was a valid contract. *See Heavy Petroleum Partners, LLC v. Atkins* 457 F. App'x 735, 741, 749 (10th Cir. 2012) (First Appeal). We also affirmed the court's denial of JJR and Mr. Atkins' motion to amend their counterclaims to assert, among other things, a claim of fraud regarding HPP's ability to use steam injection technology to recover oil. But we reversed the district court's ruling quieting title to the 75% working interest in the Zachariah Lease in favor of HPP and Cherokee Wells, vacated a related jury verdict on damages and attorney's fees, and remanded for further proceedings.

While the First Appeal was pending, HPP executed on the judgment it had obtained in the district court, effecting a Marshal's sale of JJR's remaining interest in the Zachariah Lease and its 6.5% royalty interest in another lease referred to as the Noll Lease. HPP purchased those interests at the sale and assigned them to JAG Petroleum, LLC (JAG). At a sale-confirmation hearing, JJR and Mr. Atkins stipulated before the district court that there was nothing irregular, illegal, or inequitable about the sale or any related proceedings.

On remand, JJR and Mr. Atkins sought leave to file an amended complaint asserting three fraud and two fraud-on-the-court counterclaims. The district court

denied the motion because it was out of time, explaining that the only issues pending before the court were those that this court had vacated, reversed, and remanded. The district court then held a bench trial on the quiet title claim and again ruled in favor of HPP and Cherokee Wells as to the 75% working interest in the Zachariah Lease. The court also restored the jury verdict on damages and allowed HPP and Cherokee Wells to file a new motion for attorney's fees. The court further noted that although HPP's execution on the first judgment was proper (neither JJR nor Mr. Atkins had requested a stay of execution or posted a supersedeas bond), the parties disputed whether the 6.5% interest in the Noll Lease belonged to JJR or Mr. Atkins and agreed that HPP had no right to execute on Mr. Atkins' property. The court stated that unless the parties could come to an agreement within sixty days, it would appoint a special master to render a title opinion. In later denying a post-judgment motion, the court determined that JJR and Mr. Atkins had abandoned the issue regarding ownership of the 6.5% interest in the Noll Lease because they had stated in their notice of appeal that it was "'not a remaining issue regarding the rights of the parties.'" *Heavy Petroleum Partners, LLC v. Atkins*, No. 09-1077-EFM, 2013 WL 5876423, at *1 n.5 (D. Kan. Oct. 31, 2013) (unpublished) (quoting notice of appeal). Hence, the district court vacated its statements regarding a special master and concluded that it no longer retained jurisdiction to consider the issue.

Despite the statement in their notice of appeal, JJR and Mr. Atkins briefed the Noll Lease issue to this court. We affirmed the district court's judgment quieting title in favor of HPP and Cherokee Wells and restoring the jury's damages verdict,

4

but we dismissed for lack of jurisdiction the arguments relating to the Noll Lease, stating that not only did JJR and Mr. Atkins fail to identify it as an issue for appeal, they had "affirmatively disavowed" that it was still an issue between the parties. *Heavy Petroleum Partners, LLC v. Atkins*, 577 F. App'x 864, 869-70 (10th Cir. 2014) (Second Appeal).

## C.     The instant action

While the Second Appeal was pending, Mr. Atkins, through the same counsel that had represented him and JJR during the First Lawsuit and the two appeals, filed an action in Kansas state court against eleven defendants, including HPP and Cherokee Wells, seeking damages and injunctive relief. He asserted six claims based on conduct that took place during the First Lawsuit, five of which were substantially similar to the five claims he and JJR unsuccessfully tried to bring as counterclaims in the First Lawsuit.

The first three claims concerned representations regarding the use of steam injection technology to increase oil production on the Zachariah Lease. In Count I, Mr. Atkins alleged that HPP and Cherokee Wells made fraudulent representations to the KCC that they were in compliance with the KCC's oilfield rules and regulations regarding the Zachariah Lease. Count II alleged that HPP and Cherokee Wells had no intent to use steam injection technology on the Zachariah Lease and therefore they committed fraud on the court when their attorney (defendant John Wesley Broomes) and his law firm (defendant Hinkle Law Firm, LLC) filed a steam technology contract, which was part of the JOA, as an exhibit in the First Lawsuit. And in

5

Count III, Mr. Atkins claimed that HPP and Cherokee Wells fraudulently induced him to enter into the Farmout Agreement by falsely representing, through defendants Jens Hansen, Robert DeFeo, and David E. Orr, that they would use steam injection technology to increase production; by directing Mr. Orr to pretend to be operating the steam technology provider that was identified in the steam technology contract; and by placing a washing device on the Zachariah Lease to make it appear HPP and Cherokee Wells had provided steam injection technology when in fact the device was incapable of injecting steam into the wells to increase oil production.

Counts IV and V concerned the Noll Lease. Count IV asserted that HPP and Cherokee Wells, through Mr. Broomes and Hinkle Law, committed fraud on the court by procuring an order certifying the Marshal's sale of the Noll Lease interest, which they knew belonged to Mr. Atkins. Count V alleged that HPP, Cherokee Wells, and Mr. DeFeo made a false representation to defendant Maclaskey Oilfield Services, Inc. (Maclaskey) that they had the right to sell oil to Maclaskey from the Noll Lease when, according to Mr. Atkins, it belonged to him, not JJR.

In Count VI, Mr. Atkins asserted that seven of the defendants (HPP, Cherokee Wells, Mr. Hansen, Mr. DeFeo, Mr. Orr, Arden Ellis, and Prometheus Petroleum, LLC) conspired to deprive him of his interest in the Zachariah Lease, and that Maclaskey and JAG later joined the conspiracy as it concerned the Noll Lease.

### 1. Removal and fraudulent joinder

Six defendants removed the case to federal court—HPP, Cherokee Wells, Hinkle Law, and Mssrs. DeFeo, Broomes, and Hansen (collectively, the Removing

6

Defendants). They based removal on diversity jurisdiction and alleged that, in an effort to circumvent diversity jurisdiction, Mr. Atkins had fraudulently joined three non-diverse defendants—Mr. Broomes, Hinkle Law, and Maclaskey. They argued that the joinder of these defendants was fraudulent because there was no possibility Mr. Atkins could establish a cause of action against them in state court. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (explaining that one way to establish fraudulent joinder is by showing "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court" (internal quotation marks omitted)). Mr. Atkins moved to remand.

The district court denied the motion to remand and dismissed the action without prejudice as to Mr. Broomes, Hinkle Law, and Maclaskey. The court first rejected Mr. Atkins' argument that he could maintain an independent action in state court against Mr. Broomes and Hinkle Law on the only claims he asserted against them—Counts II and IV for fraud on the court. An independent action is a separate action, sounding in equity, that seeks to set aside a judgment "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 45-47 (1998).[1] As to Count II, the court concluded that there was no injustice in filing the allegedly

---

[1] Both Fed. R. Civ. P. 60(d)(1) and the related Kansas procedural rule, Kan. Stat. Ann. § 60-260(d)(1), preserve a court's power to entertain an independent action to relieve a party from a judgment. Hence, like Kansas courts, we may look to federal cases for guidance regarding the viability of an independent action in Kansas state court. *See Lackey v. Medora Twp.*, 401 P.2d 911, 914 (Kan. 1965) (explaining that Kansas courts may look to federal cases in construing and applying Kansas rules of civil procedure).

contrived steam technology contract in the First Lawsuit because the contract played no role in the outcome. The court likewise found no basis for an independent action on Count IV because the deed for the property involved in the sale of the Noll Lease conveyed only JJR's interest in that lease, and in the First Lawsuit, Mr. Atkins "affirmatively disavowed" there was a remaining issue concerning the actual ownership of that interest, *Heavy Petroleum Partners, LLC*, 577 F. App'x at 869. Thus, Mr. Atkins' predicament was "due to his own fault, neglect or carelessness," which forecloses relief through an independent action. *Winfield Assocs., Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970). Because joinder was fraudulent as to Mr. Broomes and Hinkle Law, the court dismissed them from the action without prejudice.[2]

The court next concluded that joinder was fraudulent as to Maclaskey. The only claim leveled at Maclaskey was the Count VI conspiracy claim. Among other things, a conspiracy claim under Kansas law requires not only a meeting of the minds, but the commission of some wrong giving rise to a valid underlying cause of

[2] The district court provided three alternative reasons that joinder was fraudulent because Mr. Atkins could not state a fraud-on-the-court claim against Mr. Broomes and Hinkle Law in state court: (1) Count II failed because he did not allege they knew the steam technology contract was (allegedly) fraudulent or that they filed it with the intent to deceive the court; (2) Mr. Atkins had not asked for the only relief available for fraud on the court—relief from judgment—and in any event, he could not obtain such relief from Mr. Broomes or Hinkle Law because they were not parties to the First Lawsuit; and (3) Mr. Atkins was not the real party in interest in Count II, which concerned the Zachariah Lease owned exclusively by JJR. Although we agree with the legal analysis supporting these alternative conclusions, we need not replicate them here.

action. *Stoldt v. City of Toronto*, 678 P.2d 153, 161 (Kan. 1984). In considering whether Mr. Atkins had stated a valid underlying cause of action regarding Maclaskey, the court limited its consideration to Count V because JJR was the real party in interest regarding the Zachariah Lease (thus excluding Counts I through III, which concerned that lease), and Mr. Atkins' disavowal regarding the Noll Lease precluded relief on Count IV through an independent action. The court observed that Count V alleged only that Maclaskey was a victim of the alleged wrongdoing, not that it was a participant in it or had joined in any meeting of the minds. Hence, the court concluded that the conspiracy claim against Maclaskey would fail in state court.[3]

### 2. Dismissal of claims and rulings on other motions

JAG moved for judgment on the pleadings, and HPP, Cherokee Wells, Mr. DeFeo, and Mr. Hansen (collectively, the Heavy Petroleum Defendants) filed a motion to dismiss. Mr. Atkins did not file a response to those motions, but he did file an amended complaint, which the Heavy Petroleum Defendants and JAG moved to strike. Soon after, the Kansas Supreme Court disbarred Mr. Atkins' attorney. Before withdrawing from the case, Mr. Atkins' attorney filed a response to the motions to strike the amended complaint, a motion for leave to file the amended complaint, and

---

[3] The district court also rejected Mr. Atkins' argument that Mr. Broomes, Hinkle Law, and Maclaskey were necessary parties under Fed. R. Civ. P. 19(a)(1).

9

a constitutional challenge to Fed. R. Civ. P. 15(a)(1)(B)'s twenty-one day time limit for amending the complaint once as of right as applied to a removed state action.

The district court granted the motions to strike Mr. Atkins' amended complaint. Taking into account a period of time it had stayed the case, the court concluded that the amended complaint was filed more than twenty-one days after JAG filed its answer to the original complaint and was therefore out of time under Rule 15(a)(1)(B).[4] The court also denied Mr. Atkins' motion for leave to amend on the ground that amendment would be futile because, like the original complaint (which it resembled in large part), the proposed amended complaint failed to state a claim upon which relief could be granted.

The court next granted JAG's motion for judgment on the pleadings and the Heavy Petroleum Defendants' motion to dismiss. The court first rejected Mr. Atkins' argument that his ownership interest in JJR and the fact that he received payments from it established that he was the real party in interest regarding the Zachariah Lease claims (Counts I through III). The court reasoned that a corporate shareholder is not the real party in interest regarding corporate injuries. *See Ryder v. Farmland Mut. Ins. Co.*, 807 P.2d 109, 118 (Kan. 1991) (explaining that, under Kansas law, the real party in interest is the "party who, by the substantive law, has the right sought to

---

[4] Rule 15(a)(1)(B) provides that, if a "pleading is one to which a responsive pleading is required," a party may amend it "once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

10

be enforced" (quotation omitted)). The court also observed that in the First Lawsuit, Mr. Atkins successfully advanced a contrary argument: that the court should *not* disregard JJR's existence in order to impose personal liability on him.[5]

The district court next determined that Counts IV and V (regarding the Noll Lease) failed for several reasons. Most tellingly, res judicata precluded relitigation of those claims because, in the First Lawsuit, Mr. Atkins had abandoned his opportunity to litigate the Noll Lease issue. But the court also concluded that Count IV's Noll Lease fraud-on-the-court claim failed because there were no specific allegations that the Heavy Petroleum Defendants knew the sale was fraudulent or intended to deceive the court, and any hardship to Mr. Atkins was due to his abandonment of the issue in the First Lawsuit. The court further reasoned that Count V's fraud claim failed because the only allegedly fraudulent statement regarding the right to sell oil off the Noll Lease was made to Maclaskey, not to

---

[5] The court alternatively concluded that Counts I through III failed for a number of other reasons. Count I failed to adequately state a claim for fraud because it alleged that a fraudulent statement was made to a third party—the KCC—and not to Mr. Atkins. Count II failed to state a claim for fraud on the court because it lacked any allegations that the Heavy Petroleum Defendants or their attorney (Mr. Broomes) intended to deceive the court when they submitted the steam technology contract as an exhibit in the First Lawsuit. And Count III (alleged fraudulent misrepresentations about the ability to use steam injection to increase oil production on the Zachariah Lease) failed for two additional reasons: (1) failure to allege fraud with the particularity required by Fed. R. Civ. P. 9(b), and (2) it was barred by collateral estoppel based on rulings in the First Lawsuit (both of which this court affirmed)— the district court's denial, on futility grounds, of leave to amend to bring an identical claim, and the quiet-title ruling on the Zachariah Lease in favor of HPP. We agree with these alternative rationales but need not discuss them.

11

Mr. Atkins. And because there were no valid underlying causes of action, the court ruled that the Count VI conspiracy claim failed as a matter of law as to all properly-served defendants. *See Stoldt*, 678 P.2d at 161.[6] The court also determined that res judicata barred two new claims against JAG that were raised in the proposed amended complaint (an action for an accounting and to quiet title in the Noll Lease) because both were premised on Mr. Atkins' barred theory that his Noll Lease interest was fraudulently obtained.

Finally, the district court denied Mr. Atkins' motion for new counsel and summarily rejected his constitutional challenge to Fed. R. Civ. P. 15(a)(1). This appeal followed.

## DISCUSSION

Because Mr. Atkins proceeds pro se on appeal, we afford his appellate filings a liberal construction, but he is obligated to follow procedural rules. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But even with a liberal construction to those filings, we are hard-pressed to find cogent arguments addressing the district court's various dispositive rationales that are supported by adequate legal authority or record citations. *See* Fed. R. App. P. 28(a) (setting forth requirements for an opening appellate brief). In any event, we have reviewed the

___

[6] The court reached the same conclusion with respect to defendant David Orr, who responded to a summons pro se but did not file a motion to dismiss. The court dismissed the action without prejudice as to defendants Arden Ellis and Prometheus Petroleum because neither was served with process.

district court's thorough, well-reasoned decisions in light of the controlling law, and we agree with them. Accordingly, we affirm the district court's judgment for substantially the reasons the district court provided. Nonetheless, we will briefly address three of Mr. Atkins' arguments.

First, Mr. Atkins claims he had a right to bring an independent action for fraud on the court in state court free of preclusion principles and that it was proper to join Mr. Broomes and Hinkle Law because fraud on the court involves attorney conduct. However, the proper relief for fraud on the court is relief from judgment. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (noting a federal court's "inherent power . . . to vacate its own judgment upon proof that a fraud has been perpetrated upon the court").[7] And such relief necessarily lies against the party that obtained the judgment. Neither Mr. Broomes nor Hinkle Law were parties to the First Lawsuit. Hence, their joinder was fraudulent because Mr. Atkins could not maintain his fraud-on-the-court claims against them in state court. Moreover, the attempt to obtain relief from judgment through an independent action in Kansas state court fails for a more fundamental reason. Such an action, "though an original bill in the chancery sense of the word, is a continuation of the former suit." *Beggerly*, 524 U.S. at 46 (internal quotation marks omitted). Thus, only the court that had jurisdiction over the original judgment—in this case, the federal district court—can provide relief

---

[7] Although a court can also sanction parties, or attorneys directly, for perpetrating fraud on the court, *Chambers*, 501 U.S. at 45-46, sanctions are awarded by the court that issued the judgment, and doing so does not require the attorneys to be named as parties.

from that judgment through an independent action.  *Cf. United States v. Denedo*, 556 U.S. 904, 913 (2009) (relying on *Beggerly* in reaching same conclusion regarding comparable request for relief from judgment through writ of *coram nobis*).

Second, Mr. Atkins claims he is the real party in interest with regard to the Zachariah Lease because he is personally responsible for paying a mortgage on equipment used on that lease.  But he did not present this theory to the district court, and we see no reason to depart from our usual practice of declining to consider new theories presented for the first time on appeal.  *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993).

Third, Mr. Atkins points to an isolated statement in the Advisory Committee's note to the 2009 amendment of Fed. R. Civ. P. 15 that supposedly shows the district court erred in striking his amended complaint as untimely:  "[T]he right to amend once as a matter of course is no longer terminated by a responsive pleading."  But he overlooks a qualifying sentence later in the same paragraph subjecting that right "to the same 21-day limit as the right to amend in response to a motion."  Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.  Accordingly, this argument is frivolous.

The judgment of the district court is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

14