**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID WELLINGTON,

    Plaintiff - Appellant,

v.

MTGLQ INVESTORS, LP;
MARGARET LAKE,

    Defendants - Appellees.

No. 23-2101
(D.C. No. 1:22-CV-00069-KG-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.
_____

David Wellington, proceeding pro se, filed this action under Federal Rule of

Civil Procedure 60(d)(1) for relief from judgment. The district court dismissed.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Wellington appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.  BACKGROUND

Appellee MTGLQ Investors, LP ("MTGLQ") brought a foreclosure case against Mr. Wellington's sister, Monica Wellington.  She has brought five unsuccessful appeals in the foreclosure case.[2]  This appeal concerns one of Mr. Wellington's attempts to contest the foreclosure.

At various times, Mr. Wellington lived in his sister's house in Albuquerque, New Mexico, the foreclosure property.  In 2018, while Ms. Wellington was defending against foreclosure, she executed a deed to grant Mr. Wellington joint ownership.  He then sought to intervene in the foreclosure case.  The district court denied that request, concluding that his sister adequately represented his interests. *See MTGLQ Invs., LP v. Wellington,* No. 17-cv-00487-KG-LF, 2018 WL 2723767, at *3 (D.N.M. June 6, 2018).

Mr. Wellington did not appeal the denial of intervention, but he has since brought multiple collateral attacks on the foreclosure case, including a quiet title action, *see Wellington v. Profolio Home Mortg. Corp.*, No. CIV 21-0322 JB/GBW,

---

[2] *See MTGLQ Invs., LP v. Wellington* (*Wellington I*), 856 F. App'x 146, 151 (10th Cir. 2021) (affirming judgment of foreclosure and approval of foreclosure sale); *MTGLQ Invs., LP v. Wellington* (*Wellington II*), No. 22-2070, 2022 WL 17660784, at *3 (10th Cir. Dec. 14, 2022) (affirming denial of motions to vacate approval of foreclosure sale and to recuse district judge); *MTGLQ Invs., LP v. Wellington*, 854 F. App'x 295, 296 (10th Cir. 2021) (affirming award of attorney fees); *MTGLQ Invs., LP v. Wellington*, No. 19-2162, 2019 WL 8331671, at *2 (10th Cir. Nov. 25, 2019) (dismissing appeal as premature); *MTGLQ Invs., LP v. Wellington*, No. 23-2048, 2024 WL 1191128, at *3 (10th Cir. Mar. 20, 2024) (affirming denial of Rule 60(b) motion for relief from judgment).

2022 WL 102247, at *7 (D.N.M. Jan. 10, 2022) (dismissing complaint with prejudice but permitting re-filing of a Rule 60(d) claim), and a declaratory judgment action, *see Wellington v. Lake*, No. 1:22-cv-00514-WJ-KK, 2022 WL 4365857, at *6–7 (D.N.M. Sept. 21, 2022) (dismissing case with prejudice as barred by *res judicata*). He also filed a bankruptcy petition, which led to a stay in this case before being dismissed because Mr. Wellington failed to file required schedules and statements. He further filed a second motion to intervene in the foreclosure case, which he withdrew as soon as the district court set it for an in-person hearing. In this appeal, he filed a motion for a stay, which we denied. He also separately filed a petition for a writ of prohibition, which we also denied.

In the foreclosure case, the district court entered a judgment of foreclosure in 2019; the property was sold in 2022; and, after Mr. Wellington refused to move out, he was evicted in 2023 under the district court's writ of assistance.[3] The district court and this court have repeatedly rejected the Wellingtons' arguments contesting the validity of the foreclosure. *See generally, e.g.*, *Wellington I*, 856 F. App'x at 166; *Wellington II*, 2022 WL 17660784, at *3.

Here, Mr. Wellington brought an independent action for relief, citing Federal Rule of Civil Procedure 60(d)(1). He claimed the foreclosure judgment and writ of assistance against him were unlawful and unenforceable. He also asserted a New

---

[3] We take judicial notice of docket filings from the foreclosure case and other related cases that were not made part of the record on appeal. *See United States v. Leal*, 921 F.3d 951, 963 n.10 (10th Cir. 2019); Fed. R. Evid. 201(b)(2).

Mexico homestead exemption. The district court granted MTGLQ's motion to dismiss for failure to state a claim, denied Mr. Wellington leave to amend his complaint, and denied his motion to vacate the writ of assistance. He then brought this appeal.[4]

## II. **DISCUSSION**

### A. *Legal Standards*

#### 1. **Standard of Review**

We review the district court's dismissal de novo. *Hoskins v. Withers*, 92 F.4th 1279, 1285 (10th Cir. 2024). We credit the complaint's well-pled factual allegations, *id.*, but those allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). We need not accept legal conclusions couched as factual allegations. *See id.* We may rely on documents filed in a related court case, which are subject to judicial notice. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008).

We review the denial of leave to amend a complaint for abuse of discretion. "[W]hen denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the

---

[4] Mr. Wellington's Rule 60 complaint also named as a defendant the special master appointed to sell the property. Before granting MTGLQ's motion to dismiss, the district court dismissed the claims against the special master. Mr. Wellington does not challenge that ruling on appeal.

finding of futility." *Quintana v. Santa Fe Cnty. Bd. of Commr's*, 973 F.3d 1022, 1033 (10th Cir. 2020) (quotations omitted).

2. **Rule 60(b) and Rule 60(d)(1)**

Federal Rule of Civil Procedure 60(b) lists grounds for a party to seek relief from judgment. "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quotations omitted). Parties seeking such relief "have a higher hurdle to overcome because [it] is not a substitute for an appeal." *Id.* (quotations omitted).

Rule 60(b) motions typically are filed in the same case in which the judgment was entered. But Rule 60(d)(1) provides that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment . . . ." Thus, nonparties may not generally seek Rule 60(b) relief, but "courts have allowed relief where the nonparty is in some form of privity [with a party]," and "courts have also allowed a nonparty to seek relief under Rule 60(b) where its interests were directly or strongly affected by the judgment." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013) (gathering and discussing cases). In limited circumstances, therefore, "an 'independent action' under Rule 60[d] may be brought by one who was not a party to the original action." *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 222 (4th Cir. 1999).

Such independent actions are a "narrow avenue," *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002), permitting equitable relief on grounds allowed

before the adoption of the federal rules. *See United States v. Beggerly*, 524 U.S. 38, 45, 46 (1998); *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1274 (10th Cir. 1995). To prevail, a party generally must show (1) "a recognized ground, such as fraud, accident, mistake or the like, for equitable relief"; (2) "that there is no other available or adequate remedy"; and (3) "that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness." *Winfield Assocs., Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970); *see also Beggerly*, 524 U.S. at 41 (reciting similar elements).

## B. *Affirm Dismissal of Mr. Wellington's Complaint*

The district court dismissed on several alternate grounds. We only reach one and affirm because Mr. Wellington's complaint failed to satisfy the three requirements for a Rule 60(d)(1) independent action, as stated by *Stonecipher*.

First, he has not plausibly alleged in his complaint any "recognized ground" warranting relief, "such as fraud, accident, mistake or the like." *See Stonecipher*, 429 F.2d at 1090. His allegations and arguments attempt to relitigate the merits of the foreclosure action, amounting to disagreement with the district court's rulings, which this court has repeatedly affirmed. He has not pled facts showing fraud or any other recognized grounds sufficient to set aside the district court's final judgment. *See Buck*, 281 F.3d at 1342 (describing limited circumstances warranting Rule 60 relief based on alleged fraud).

Second, he has not plausibly alleged that "that there [was] no other available or adequate remedy." *Stonecipher*, 429 F.2d at 1090. To the contrary, both

6

Mr. Wellington and his sister have argued many iterations of the same arguments he raises here in duplicative prior proceedings. *See MTGLQ Invs., LP v. Wellington*, No. 23-2048, 2024 WL 1191128, at *3 (10th Cir. Mar. 20, 2024) (affirming denial of Rule 60(b) motion); *Wellington I*, 856 F. App'x at 166 (affirming "in all respects"); *Wellington II*, 2022 WL 17660784, at *3 (affirming denial of motions to vacate foreclosure sale and to disqualify district judge).

Third, despite Mr. Wellington's collateral attacks on the foreclosure case, the docket and filings in that case show he neglected to fully pursue legal remedies. *See Stonecipher*, 429 F.2d at 1090 (stating a party seeking Rule 60(d)(1) relief must show the situation was not caused by his own neglect; "[E]quity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action." (quotations omitted)). When the district court denied his first motion to intervene, he did not appeal to challenge the finding that his sister adequately represented his interests. He then voluntarily withdrew his second motion to intervene. Having foregone legal relief, he cannot obtain equitable relief instead. *See id.* at 1091 (stating party's neglect and "failure to pursue the adequate and available legal remedy of appeal. . . . [were] clearly a sufficient basis for the denial of any equitable relief . . . ."); *Zurich*, 426 F.3d at 1289 ("[Rule 60(b) relief] is not a substitute for an appeal.").

C. *Affirm the District Court's Other Rulings*

We also affirm the district court's other rulings.

7

First, the district court properly denied leave to amend the complaint as futile. Amendment would not change the facts and procedural history that foreclose equitable relief.

Second, we affirm the denial of his motion to vacate the writ of assistance. The district court denied the motion as moot and subject to summary dismissal because it sought relief separate from that requested by the complaint. We agree.

Third, we affirm dismissal of his homestead exemption claim. Mr. Wellington has not developed any argument that the district court erred in concluding this claim was not properly and timely raised in the foreclosure action, as required by New Mexico law. *See* N.M. Stat. Ann. § 39-4-15 (requiring exemption to be asserted "by answer in [the] foreclosure suit").

## III. CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge